1  THEANE EVANGELIS, SBN 243570
2  MICHAEL H. DORE, SBN 227442
   Gibson, Dunn & Crutcher LLP
3  333 South Grand Avenue
   Los Angeles, CA  90071-3197
4  Telephone:  213.229.7000
   Facsimile:   213.229.7520

5
6  KRISTIN A. LINSLEY, SBN 154148
   Gibson, Dunn & Crutcher LLP
7  555 Mission Street, Suite 3000
   San Francisco, CA 94105-0921
8  Telephone:  415.393.8200
   Facsimile:   415.393.8306

9  *Attorneys for Defendant Reddit, Inc.*

10

11              **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13

| JANE DOE on behalf of herself and all others similarly situated, | CASE NO. 8:21-CV-00768-JVS-KES |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION BY DEFENDANT REDDIT, INC. TO DISMISS CLAIMS UNDER FEDERAL RULES 8(a), 9(b), AND 12(b)(6)** |
| v. | |
| REDDIT, INC., | Before: Hon. James V. Selna |
| Defendant. | Hearing:  July 19, 2021 |
| | Time:  1:30 p.m. |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 19, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10C of the above-entitled court, located at 411 West 4th Street, Santa Ana, California, 92701-4516, Defendant Reddit, Inc. will and hereby does move the Court, pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing all of Plaintiff's claims against Reddit.

Plaintiff's complaint fails to state a claim upon which relief may be granted as to any of her claims against Reddit. It does not allege facts that, if true, would establish that Reddit violated federal or state anti-trafficking laws, or that Reddit could be held liable under any of the other federal or state law causes of action set out therein. Plaintiff's claims also are barred in their entirety by section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"). Section 230 precludes claims, like Plaintiff's claims here, that treat an interactive computer service provider, like Reddit, as the "speaker" or "publisher" of content created by another. None of the exceptions to Section 230 applies.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, any argument in connection with the Motion, and such further evidence or arguments as the Court may consider.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 7, 2021. Reddit understands from the conference that Plaintiff will oppose this Motion.

1    Dated:        June 16, 2021              GIBSON, DUNN & CRUTCHER LLP

2
                                             By: */s/ Theane Evangelis*
3                                            Theane Evangelis

4                                            THEANE EVANGELIS
5                                            MICHAEL H. DORE
                                             KRISTIN A. LINSLEY
6

7                                            *Attorneys for Defendant*
                                             *Reddit, Inc.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

# TABLE OF CONTENTS

Page

SUMMARY OF ALLEGATIONS ........................................................................2

LEGAL STANDARD ........................................................................................4

ARGUMENT......................................................................................................5

I.   Plaintiff Has Failed to State a Claim for Any of Her Causes of
     Action ................................................................................................5

     A.   Plaintiff Does Not Adequately Allege a Sex Trafficking
          Claim Under Section 1595 (Count I)...............................................5

          1.   Plaintiff Does Not Allege that She Was Trafficked.............5

          2.   Plaintiff Does Not Allege that Reddit Participated in a
               Trafficking Venture with the Ex-Boyfriend .......................7

          3.   Plaintiff Does Not Allege that Reddit Had Specific
               Knowledge of Any Trafficking of Plaintiff ........................9

          4.   Plaintiff Does Not Allege that Reddit Received a
               Benefit Because of Its Participation in a Trafficking
               Venture ..............................................................................10

     B.   There Is No Private Right of Action Under Section 2258A,
          and the Complaint Fails to Allege a Violation Thereof
          (Count II) .....................................................................................11

     C.   Plaintiff Does Not Adequately Allege that Reddit Received
          and Distributed CSAM Under Section 2252A (Count III)...........13

     D.   Plaintiff Does Not Adequately Allege that Reddit Distributed
          Private Sexually Explicit Materials in Violation of California
          Law (Count IV) ............................................................................14

     E.   Plaintiff Does Not Adequately Allege a Violation of
          California's Unfair Competition Law (Count V)..........................14

     F.   Plaintiff Cannot Recover for Unjust Enrichment (Count VI)........16

II.     Section 230 of the Communications Decency Act Bars Plaintiff's Claims.................................................................................................17

        A.     Section 230 Applies to Each of Plaintiff's Claims.......................18

        B.     No Exception to Section 230 Applies...........................................23

               1.     The Complaint Does Not Allege Any Conduct by Reddit "Constituting a Violation" of Section 1591.............23

               2.     Plaintiff's Civil Claims Predicated on Federal Criminal Offenses Are Not Exempt from Section 230 ....................24

               3.     State Law Claims Are Not Exempt from Section 230 ........25

III.    Plaintiff's Claims Should Be Dismissed with Prejudice ........................25

CONCLUSION..........................................................................................................25

Gibson, Dunn & Crutcher LLP

MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.                                                                CASE NO. 8:21-CV-00768-JVS-KES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abcarian v. Levine*,
   972 F.3d 1019 (9th Cir. 2020)..................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 661 (2009)............................................................. 1, 5, 10, 13

*Barnes v. Yahoo!, Inc.*,
   570 F.3d 1096 (9th Cir. 2009)..........................................................19, 21

*Batzel v. Smith*,
   333 F.3d 1018 (9th Cir. 2003)................................................................18

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................11

*Bergado v. Velonza*,
   2018 WL 5861296 (C.D. Cal. Mar. 19, 2018).......................................16

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001)..................................................................5

*Cal. Fed. Bank v. Matreyek*,
   8 Cal. App. 4th 125 (1992).....................................................................16

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ...........................................................................16

*Cohen v. Facebook, Inc.*,
   252 F. Supp. 3d 140 (E.D.N.Y. 2011).....................................................24

*CRV Imperial-Worthington, LP v. Gemini Ins. Co.*,
   770 F. Supp. 2d 1074 (S.D. Cal. 2010) ..................................................17

*Daniel v. Armslist, LLC*,
   386 Wis. 2d 449 (2019) .....................................................................21, 23

*Doe 3 v. Red Roof Inns, Inc.*,
   2020 WL 1872333 (N.D. Ga. Apr. 13, 2020)........................................7, 9

*Doe I v. Wal-Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009)...................................................................17

*Doe v. Kik Interactive, Inc.*,
   482 F. Supp. 3d 1242 (S.D. Fla. 2020)...............................................24, 25

*Doe v. MySpace, Inc.*,
   528 F.3d 413 (5th Cir. 2008)...................................................................20

*Drum v. San Fernando Valley Bar Assn.*,
   182 Cal. App. 4th 247 (2010)..................................................................16

-iii-

*Dyroff v. Ultimate Software Grp., Inc.*,
  2017 WL 5665670 (N.D. Cal. Nov. 26, 2017),
  *aff'd*, 934 F.3d 1093 (9th Cir. 2019) ................................................................22

*Dyroff v. Ultimate Software Grp., Inc.*,
  934 F.3d 1093 (9th Cir. 2019)................................................................18, 19, 20

*Eclectic Prop. East, LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014)..........................................................................5

*Fair Hous. Council v. Roommates.com, LLC*,
  521 F.3d 1157 (9th Cir. 2008)................................ 17, 18, 19, 21, 22, 25

*Federal Agency of News LLC v. Facebook, Inc.*,
  432 F. Supp. 3d 1107 (N.D. Cal. 2020)...........................................................22

*Force v. Facebook, Inc.*,
  934 F.3d 53 (2d Cir. 2019)........................................................................21, 24

*Gavra v. Google Inc.*,
  2013 WL 3788241 (N.D. Cal. July 17, 2013)................................................19, 20

*Geiss v. Weinstein Co. Holdings, LLC*,
  383 F. Supp. 3d 156 (S.D.N.Y. 2019) ....................................................7, 10, 11

*Goddard v. Google, Inc.*,
  640 F. Supp. 2d 1193 (N.D. Cal. 2009)...........................................................23

*Gonzalez v. Google, Inc.*,
  282 F. Supp. 3d 1150 (N.D. Cal. 2017) ...........................................................24

*Gonzalez v. Google, Inc.*,
  335 F. Supp. 3d 1156 (N.D. Cal. 2018)...........................................................20

*Graham v. Bank of America, N.A.*,
  226 Cal. App. 4th 594 (2014)......................................................................16

*Greencycle Paint, Inc. v. Paintcare, Inc.*,
  2016 WL 1402845 (N.D. Cal. Apr. 8, 2016) ....................................................15

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*,
  61 Cal. 4th 988 (2015) ................................................................................17

*Heidari-Mojaz v. Arreguin*,
  2020 WL 6541991 (C.D. Cal. Sept. 18, 2020) ................................................25

*Hepp v. Facebook, Inc.*,
  465 F. Supp. 3d 491 (E.D. Pa. 2020)................................................................18

*Herrick v. Grindr LLC*,
  765 F. App'x 586 (2d Cir. 2019) ................................................................19, 20

*Igbonwa v. Facebook, Inc.*,
  2018 WL 4907632 (N.D. Cal. Oct. 9, 2018),
  *aff'd*, 786 F. App'x 104 (9th Cir. 2019) ........................................................25

*J.B. v. G6 Hospitality, Inc.*,
    2020 WL 4901196 (N.D. Cal. Aug. 20, 2020) .......................................... 5, 7, 8, 25

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................ 15

*Kimzey v. Yelp! Inc.*,
    836 F.3d 1263 (9th Cir. 2016) ........................................................... 18, 22

*Knevelbaard Dairies v. Kraft Foods, Inc.*,
    232 F.3d 979 (9th Cir. 2000) .................................................................. 16

*Knippling v. Saxon Mortgage, Inc.*,
    2012 WL 1142355 (E.D. Cal. Mar. 22, 2012) ......................................... 15

*Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*,
    2013 WL 6816174 (W.D. Ark. Dec. 24, 2013) ....................................... 10

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ......................................................................... 15

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ............................................................................ 15

*La Park La Brea A LLC v. Airbnb, Inc.*,
    285 F. Supp. 3d 1097 (C.D. Cal. 2017) ................................................... 22

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) .................................................................. 25

*Lemmon v. Snap, Inc.*,
    996 F.3d 1085 (9th Cir. 2021) ................................................................ 19

*M.A. v. Wyndham Hotels & Resorts, Inc.*,
    425 F. Supp. 3d 959 (S.D. Ohio., Oct. 7, 2019) ....................................... 5

*Mashiri v. Vital Recovery Servs., Inc.*,
    2014 WL 4249800 (S.D. Cal. Aug. 27, 2014) ......................................... 15

*Mujica v. AirScan, Inc.*,
    771 F.3d 580 (9th Cir. 2014) .................................................................. 13

*Noble v. Weinstein*,
    335 F. Supp. 3d 504 (S.D.N.Y. 2018) .............................................. 6, 7, 10

*Pennie v. Twitter*,
    281 F. Supp. 3d 874 (N.D. Cal. 2017) .................................................... 21

*Ricchio v. McLean*,
    853 F.3d 553 (1st Cir. 2017) ................................................................... 7

*S.J. v. Choice Hotels Int'l*,
    2020 WL 4059569 (E.D.N.Y. July 20, 2020) ..................................... 7, 9, 10

-v-

*Seismic Reservoir 2020, Inc. v. Paulsson*,
    785 F.3d 330 (9th Cir. 2015).................................................................5

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020)...............................................................15

*St. Louis v. Perlitz*,
    2016 WL 1408076 (D. Conn. Apr. 8, 2016).........................................5

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007).................................................................5

*United States v. Ackerman*,
    831 F.3d 1292 (10th Cir. 2016)...........................................................12

*United States. v. DiTomasso*,
    81 F. Supp. 3d 304 (S.D.N.Y. 2015)...................................................12

*United States v. Dobbs*,
    629 F.3d 1199 (10th Cir. 2011)...........................................................13

*United States v. Duong*,
    848 F.3d 928 (10th Cir. 2017)...............................................................6

*United States v. Hall*,
    202 F.3d 270 (6th Cir. 2000)...............................................................13

*United States v. Miller*,
    982 F.3d 412 (6th Cir. 2020)...............................................................16

*United States v. Myers*,
    355 F.3d 1040 (7th Cir. 2004).............................................................13

*United States v. Todd*,
    627 F.3d 329 (9th Cir. 2010).................................................................6

*United States v. Vallejos*,
    742 F.3d 902 (9th Cir. 2014)...............................................................13

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)...............................................................5

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021).............................................................14

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012).............................................................14

**Statutes**

18 U.S.C. § 1591.................................................................................1, 6

18 U.S.C. § 1595...............................................................................1, 23

18 U.S.C. § 2252A................................................................................13

-vi-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18 U.S.C. § 2255.............................................................................................11

18 U.S.C. § 2258A...........................................................................................12

18 U.S.C. § 2258B...........................................................................................11

47 U.S.C. § 230 .................................................................. 17, 18, 23, 24 25

Cal. Bus. & Prof. Code § 17200 ...............................................................2, 15

Cal. Civ. Code § 1708.85 ...............................................................................6

Pub. L. 115-164, 132 Stat. 1253 (Apr. 11, 2018).......................................23

-vii-

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

In this putative class action, Plaintiff seeks to represent a sweeping class of individuals who allegedly had images or videos of themselves as minors posted to Reddit. Compl. ¶ 130. But the factual allegations relating to her own claims are far narrower. She alleges that after a relationship with a former boyfriend ended violently, she learned that he had uploaded videos of them having sex while she was a minor to "various websites, including Reddit." *Id.* ¶ 121. She admits that Reddit, which is a network of user-driven online communities, took down the content posted to its site and also disabled the ex-boyfriend's Reddit account. *Id.* ¶¶ 124, 126. She nonetheless asserts that Reddit facilitated her "trafficking" and the distribution of child sexual abuse material.

If Plaintiff's allegations about the ex-boyfriend are true, his actions constitute violations of multiple federal and state criminal laws, and certainly would support a civil claim against him by Plaintiff. But by seeking to hold Reddit liable for the acts and third-party content of her ex-boyfriend, Plaintiff is suing the wrong defendant. Reddit did not film or post the alleged videos. Rather, as Plaintiff concedes, Reddit removed them and disabled the account of the offending user. Plaintiff's claims against Reddit should be dismissed with prejudice for multiple reasons.

First, Plaintiff does not allege any actionable claim against Reddit. She was not a victim of "trafficking" within the meaning of the civil remedies provision of the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1595; *see also* 18 U.S.C. § 1591), nor did Reddit "participat[e] in a venture" with the ex-boyfriend—whose account Reddit in fact disabled upon receiving notice of his unlawful postings. Nor does the complaint adequately allege Reddit violated any state or federal laws related to the distribution of child sexual abuse material (sometimes referred to herein as "CSAM"). Among other reasons the complaint is inadequate, it contains no plausible allegations of the requisite knowledge or intent, as required by *Ashcroft v. Iqbal*, 556 U.S. 661 (2009). And the complaint fails to state facts that would establish the elements of a claim under

California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), including standing, and fails to state a claim for unjust enrichment.

Second, Plaintiff's claims are barred in their entirety by section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"). As Plaintiff's own allegations demonstrate, all her claims seek to hold Reddit, an interactive computer service within the meaning of Section 230, liable for the harmful effects of third-party content, namely that posted by the ex-boyfriend. That brings the claims squarely within the immunity provided by Section 230.

## SUMMARY OF ALLEGATIONS

Plaintiff purports to bring a sweeping class action on behalf of all persons who appeared on Reddit's website in a video or image when that person was under the age of 18. Compl. ¶ 1.[1] In essence, the complaint alleges that Reddit, by providing a website that encourages people to post their own content, is complicit in sex trafficking when third-party posters use this neutral platform to post and distribute CSAM.[2]

The complaint acknowledges that Reddit's platform is available to the public and is used by individuals to share and discuss myriad topics and different types of content. Indeed, the complaint describes Reddit's business practice as "an enormously popular website," with more than 52 million daily active users who contributed 303.4 million posts, 2 billion comments, and 49.2 billion upvotes last year alone. Compl. ¶ 29. Reddit is a "social platform where users submit posts that other users 'upvote' or 'downvote' based on if they like it." *Id.* ¶ 30. As to how its platform is organized, Reddit "is made up of individual communities called 'subreddits,'" which are "create[d]" by "users." *Id.* ¶¶ 32, 34. Each subreddit has its own "page, subject matter, users, and moderators," and is populated by users with stories, links, and media. *Id.* ¶ 32. The online Reddit

[1] Plaintiff is proceeding under a pseudonym. The parties have conferred and believe they can reach an agreement under which Plaintiff's name will be disclosed to Reddit under a protective order. Reddit reserves its right under Federal Rule of Civil Procedure 10(a) to seek dismissal if the parties cannot reach an agreement.

[2] Reddit accepts as true, for this motion only, the well-pleaded facts in the Complaint.

community contains thousands of subreddits devoted to a wide array of topics, including "Art & Design," "Business & Finance," "News & Education," and "Sports." *Id.* ¶ 59.

Plaintiff also admits that Reddit engages in significant efforts to moderate the immense flow of traffic on its platform. The complaint alleges that some Reddit employees have "power to strip moderators of their privileges and ban subreddits from the site," and whose primary role is to "identify and remove content that violates Reddit's Content Policy, including in private messages and subreddits." Compl. ¶ 34. The complaint also admits that Reddit has an express policy banning CSAM. *Id.* ¶¶ 3, 46 (acknowledging Reddit's policy, since 2011, prohibiting "sexual content featuring minors"). It further alleges that Reddit has an internal "Trust & Safety team" that enforces the company's Content Policy against malicious users and takes down violative content, including content that was flagged by its Anti-Evil internal security team, whose role is to "create automated software that flags content that violates Reddit's policies" and report that content to the Trust and Safety Team. *Id.* ¶¶ 35–36.

Despite acknowledging the user-driven nature of the platform and Reddit's policies against CSAM, Plaintiff spends most of her complaint alleging that Reddit was somehow complicit in sex trafficking because third-party users could try to upload CSAM to the platform in violation of those policies. The complaint includes several paragraphs of anecdotal third-party accounts where Reddit allegedly delayed taking down or failed to take down certain postings and subreddits. Compl. ¶¶ 39–50, 63–70, 88–95, 99–118. It provides examples of such content (*id.* ¶¶ 71–87), many of which are almost a decade old and predate any of the allegations specific to Plaintiff (*id.* ¶¶ 43, 47, 96, 105).

Crucially, Plaintiff does not allege a single affirmative act by Reddit that can be linked to the facilitation of CSAM. In a heading, she alleges that Reddit "Facilitates Child Sex Trafficking by Encouraging Users to Target Underage Content" (Compl. at p. 15), but the subsequent paragraphs state only that Reddit has a *general* policy recommending that advertisers target specific interest groups or subreddits, and do not allege that Reddit itself promoted the offending subreddits. *Id.* ¶¶ 56–62. In fact, the complaint notes at

several points that subreddits with offending content were banned. *Id.* ¶¶ 3, 4, 44 n.13, 47, 108. Similarly, under the heading "Reddit Facilitates Solicitation of CSAM" (*id.* at p. 19), Plaintiff lists examples of user-created subreddits where users themselves have been found soliciting or offering CSAM images (*id.* ¶¶ 71–72), but, again, there is no allegation that Reddit itself encouraged the posting of this specific third-party content.

Of the more than 100 paragraphs containing general allegations against Reddit and descriptions of the general problem of sex trafficking and CSAM, only eleven relate to allegations specific to Plaintiff. Plaintiff alleges that, when she was 16, she was in a sexual relationship with her then-boyfriend. Compl. ¶ 119. She alleges that, during that relationship, he recorded four videos of them engaging in sexual conduct, some of which were taken without her consent. *Id.* She alleges that, after the relationship ended, she learned that he uploaded the videos on "various websites, including Reddit." *Id.* ¶ 121.

Plaintiff alleges that she reported these posts to moderators and asked that they be taken down. Compl. ¶ 123. She complains that "Reddit would sometimes wait several days before taking down the content" *id.* ¶ 124, but admits that Reddit did take down the complained-of content and disabled the ex-boyfriend's Reddit account. *Id.* ¶¶ 126–127. She alleges that, despite Reddit's admitted efforts, the ex-boyfriend would "simply post anew" from the "identical IP address." *Id.* Plaintiff alleges that, in light of the ex-boyfriend's alleged attempts to evade Reddit's prevention efforts by opening a "new account," *id.* ¶ 126, she monitors subreddits to locate the posts of her underage self and then reports the content to Reddit to have it removed. *Id.* ¶ 128. She alleges that this has caused her anxiety, distress, and sleeplessness, and that she has withdrawn from school and sought therapy. *Id.* ¶ 129. She seeks injunctive relief to "bring Defendant's policies in compliance with the TVPRA," "compensatory and punitive damages, reasonable attorneys' fees and costs and expenses," and "such other and further relief as the Court may deem just and proper." Compl., Prayer for Relief.

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). A "formulaic recitation" of the elements of a claim or assertions "devoid of 'further factual enhancement'" is insufficient. *Id*. The plaintiff's factual allegations "must be enough to raise a right to relief above a 'speculative level.'" *Eclectic Prop. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). Claims also may be dismissed based on a dispositive issue of law. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015).

Claims sounding in fraud must meet the heightened pleading requirements of Rule 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (Rule 9(b) "applies to state-law causes of action"). The allegations must include "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

## ARGUMENT

### I. Plaintiff Has Failed to State a Claim for Any of Her Causes of Action

#### A. Plaintiff Does Not Adequately Allege a Sex Trafficking Claim Under Section 1595 (Count I)

To state a claim under 18 U.S.C. § 1595, Plaintiff must plausibly allege that (1) Reddit "knowingly benefited financially or by receiving anything of value (2) by participating in the sex trafficking venture (3) that [Reddit] knew or should have known was a violation of the TVPRA." *J.B. v. G6 Hosp., Inc.*, 2020 WL 4901196, at *8 (N.D. Cal. Aug. 20, 2020). Additionally, because the "plain text of § 1595(a) requires … that the plaintiff be 'a victim of this chapter,'" Plaintiff must allege that "she is a victim of trafficking under § 1591" in order to even invoke § 1595's civil remedy. *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 964 (S.D. Ohio, Oct. 7, 2019); *St. Louis v. Perlitz*, 2016 WL 1408076, at *1 (D. Conn. Apr. 8, 2016). The complaint fails to satisfy any of these requirements.

#### 1. Plaintiff Does Not Allege that She Was Trafficked

First, Plaintiff does not allege that she was a victim of any sex trafficking offense

as defined by 18 U.S.C. § 1591—much less one committed by Reddit.  As it relates to the trafficking of minors, § 1591(a) criminalizes the acts of a person who knowingly either (1) "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits a person … *knowing*, or … in *reckless disregard* of the fact, … that the person has not attained the age of 18 years *and will be caused to engage in a commercial sex act*," or (2) "benefits, financially or by receiving anything of value, from participation in a venture *which has engaged in an act described in violation of paragraph (1)*." (emphases added).  As this text makes clear, for trafficking to occur, the alleged trafficker must act with knowledge or reckless disregard of the fact that their actions "will in the future cause a person to engage in prostitution," *United States v. Todd*, 627 F.3d 329, 333–34 (9th Cir. 2010), and that awareness must exist when the trafficker committed the alleged predicate acts.  *Id.*; *see also Noble v. Weinstein*, 335 F. Supp. 3d 504, 518 (S.D.N.Y. 2018) (relevant question was whether the defendant was aware of his fraud "when he enticed and recruited" the victim).

Here, although Plaintiff's ex-boyfriend's alleged acts are despicable, they do not constitute "trafficking" within the specific meaning of § 1591.  Plaintiff alleges that her ex-boyfriend "created four videos" while Plaintiff was in high school and later posted them to Reddit after ending the relationship.  Compl. ¶¶ 119–121.  The complaint never alleges that he maintained a relationship with Plaintiff knowing that the videos and photos that he recorded would be posted online for commercial gain, or even that he ever received anything of value from these postings of Plaintiff's sex acts.  *See* 18 U.S.C § 1591(e)(3) (defining commercial sex act as "any sex act, on account of which anything of value is given to or received by any person").  The intentional distribution of another's intimate images without their consent is the subject of state laws specifically criminalizing such conduct.  *See, e.g.*, Cal. Civ. Code § 1708.85.  But such acts, without more, do not qualify as *trafficking* under the TVPRA, which targets a very different category of conduct—namely, causing others to engage in *commercial sex acts* either by force, coercion, or similar means, or, in the case of a minor, at a time when that person

was known to be underage.  *United States v. Duong*, 848 F.3d 928, 932 (10th Cir. 2017) (stated purpose of TVPRA is to "combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude").  Because there was no such commercial sex act here, Plaintiff's § 1595 claim should be dismissed.

### 2. Plaintiff Does Not Allege that Reddit Participated in a Trafficking Venture with the Ex-Boyfriend

Beyond the failure to allege that Plaintiff is a victim of trafficking, the complaint fails to allege that Reddit can be held liable for knowingly benefitting as a participant in a trafficking venture.  Courts have interpreted § 1595's "participation in a venture" language to require either (a) overt participation in the sex trafficking aspects of the venture affecting the trafficked individual, *Noble*, 335 F. Supp. 3d at 525; *Geiss v. Weinstein Co. Holdings, LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019); *Doe 3 v. Red Roof Inns, Inc.*, 2020 WL 1872333, at *3 (N.D. Ga. Apr. 13, 2020), or (b) a "continuous business relationship between the trafficker and the [defendant] such that" the parties could be said to have a "tacit agreement," *J.B.*, 2020 WL 4901196, at *9; *cf. Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017) (venture shown where defendants "enthusiastically expressed" intent to continue renting out motel rooms for trafficking purposes by "exchanging high-fives in the motel's parking lot" with the traffickers).

Under both the "overt participation" and "tacit agreement" standards, a plaintiff must allege that the defendant participated in the *particular* sex trafficking venture involving the plaintiff.  *J.B.*, 2020 WL 4901196, at *10 (requiring plaintiff to allege that defendant "made a tacit agreement with the sex traffickers who victimized Plaintiff"); *S.J. v. Choice Hotels Int'l*, 2020 WL 4059569, at *5 (E.D.N.Y. July 20, 2020) (noting that the "[t]he statutory text speaks in singular terms" and refers to a "*particular* sex trafficking venture," as opposed to a "general sex trafficking problem").

Plaintiff fails to allege participation under either standard.  The complaint never alleges that Reddit participated, overtly or otherwise, in any sex trafficking act.  Instead, it in fact admits that the ex-boyfriend's recording of the sexually explicit material

occurred *before* he sought to distribute recordings by posting them to Reddit and other unnamed websites, and that it was the ex-boyfriend who committed all affirmative acts of posting that content online.  The complaint also forecloses any inference that Reddit had a "tacit agreement" with Plaintiff's ex-boyfriend.  On the contrary, it establishes that Reddit undertook affirmative steps to *remove* the offending posts within days of receiving notice, and then disabled the ex-boyfriend's account.  Compl. ¶¶ 124, 126.

Plaintiff's more general allegations also fail to establish trafficking by Reddit.  In trying to explain how Reddit "Facilitates Child Sex Trafficking by Encouraging Users to Target Underage Content" (Compl. at p. 15 & ¶¶ 56–62), Plaintiff points only to Reddit's general advertising policy of encouraging "potential advertisers to find subreddits" that match their potential audiences, and to the existence of unaffiliated third-party tools like "Redditlist and FrontPageMetrics that help advertisers identify" appropriate subreddits.  *Id*. ¶¶ 59, 62.  She never alleges that Reddit paired advertisers with subreddits containing CSAM, much less that Reddit encouraged the posting of CSAM.  Indeed, any such activity would breach Reddit's own policies that Plaintiff admits ban CSAM on the platform.  *Id.* ¶ 3.  And Plaintiff herself points to numerous instances where Reddit took down postings and banned users when it received notice of CSAM.  *Id.* ¶¶ 3, 4, 44 n.13, 47, 108.

Judge Gilliam's reasoning in *J.B. v. G6 Hospitality, LLC* is instructive.  2020 WL 4901196, at *9.  There, a sex trafficking victim brought a federal § 1595 claim against Craigslist, a "classified advertising website," for hosting online posts advertising the plaintiff for commercial sex.  The plaintiff alleged that Craigslist "knew that its erotic services section was well known to commercial sex customers," but failed effectively to prevent or combat the third-party postings.  *Id.* at *1–9.  The court dismissed the § 1595 claim, finding such general allegations of knowledge and inaction insufficient to establish "participation under the tacit agreement standard."  The court noted that such a theory "necessarily suggests that Craigslist enters into tacit agreements with all traffickers (or even all posters) that use its website," and concluded that there is "no indication that Congress intended to create" such liability, especially "in light of the

volume of posts generated by third parties daily." *Id.* at *9. Here, Plaintiff's complaint, which admits that Reddit took affirmative steps to prevent third parties from posting CSAM, falls even further outside the scope of the TVPRA.

### 3. Plaintiff Does Not Allege that Reddit Had Specific Knowledge of Any Trafficking of Plaintiff

The complaint also fails to allege that Reddit had either actual or constructive knowledge of the specific circumstances of Plaintiff's alleged trafficking. Courts have consistently held that § 1595 requires specific knowledge of, and participation in, a trafficking "venture" involving the specific victim. *See S.J.*, 2020 WL 4059569, at *5 (because "[t]he statutory text speaks in singular terms," "knowledge or willful blindness of a general sex trafficking problem" is not sufficient); *Doe 3*, 2020 WL 1872333 at *3 (allegations that hotel customers complained about prostitution on the premises were insufficient absent allegations that the defendant had a connection with the individual victim); *A.D. v. Wyndham Hotels and Resorts, Inc.*, No. 4:19-CV-0020-AWA-LRL, at 11 (E.D. Va. July 22, 2020) (allegation of "general awareness is insufficient to establish that [defendant] knew or should have known that it was participating in a sex trafficking venture"). This requirement of *specific* knowledge applies to both the constructive knowledge standard in § 1595 and the actual knowledge or reckless disregard standard in § 1591. *S.J.*, 2020 WL 4059569, at *5.

Even accepting Plaintiff's expansive (and false) theory that Reddit participated in a sex trafficking venture by passively allowing her ex-boyfriend to post on its platform, she does not allege that Reddit had the requisite specific knowledge when it allegedly participated in that venture. All the complaint alleges is that Reddit learned of Plaintiff's circumstances, including that she was underage when the posted videos were taken, *after* the ex-boyfriend made the posts and *after* she submitted her complaints. Compl. ¶ 123. The complaint admits that, upon receiving the complaints, Reddit removed the posts within days. *Id.* ¶ 124. Although Plaintiff asserts that she might, with the benefit of discovery, try to show that Reddit is "aware of the existence of child pornography being

-9-

trafficked through its own websites," *id.* ¶ 118, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. And such broad and unsubstantiated allegations of a "general sex trafficking problem" are plainly insufficient under § 1595. *S.J.*, 2020 WL 4059569, at *5.

### 4. Plaintiff Does Not Allege that Reddit Received a Benefit Because of Its Participation in a Trafficking Venture

Finally, Plaintiff fails to allege facts plausibly showing that Reddit knowingly benefitted from participation in a venture with Plaintiff's ex-boyfriend. Section 1595 requires that the defendant "knowingly benefit[] … from participation in a venture which that person knew or should have known has engaged in an act in violation of [§ 1591]." As the statutory text makes clear, Plaintiff must establish a causal relationship between the benefit attained and the facilitation of the underlying sex trafficking conduct. *Noble*, 335 F. Supp. 3d at 524; *Geiss*, 383 F. Supp. 3d at 169. Accordingly, courts have distinguished between benefits derived from "participation in the sex trafficking act itself" and the mere receipt of a general commercial benefit derived from the operation of one's business. *Noble*, 335 F. Supp. 3d at 524 (defendant who worked with Harvey Weinstein was not liable where the defendant merely "benefitted financially" from Weinstein's "promotion of films and other business-related activities"); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) (defendant-employees were not liable for ministry leader's misconduct merely because they "had their expenses paid for through ministry funds").

The allegations here likewise show that any purported "benefit" received by Reddit from alleged sex trafficking or any other activity is the advertising revenue that it earns from its general business activities. Compl. ¶ 52 (Reddit "generates substantial advertising revenue"). Apart from listing these common benefits that are received by any internet platform, the complaint is completely devoid of *anything* linking the advertisement revenue that Reddit receives to the presence of CSAM on its platform.

For example, Plaintiff nowhere alleges that the presence of CSAM in general,

-10-

Gibson, Dunn &
Crutcher LLP

much less content specifically involving her, led to a net increase in traffic or advertising revenue for Reddit, and any such suggestion would rest on sheer speculation, contrary to the plausibility requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Indeed, the complaint admits that the presence of CSAM on Reddit has yielded complaints and negative press (Compl. ¶¶ 105–117), causing Reddit to implement stricter policies against such material (*id.* ¶ 3). The most plausible inference is that the overwhelming majority of Reddit's more than "52 million daily active users" (*id.* ¶ 32) and advertisers disapprove of such content, so that any general commercial benefit from advertising revenue would be "in spite of," not because of, the alleged presence of CSAM on its platform. *Geiss*, 383 F. Supp. 3d at 169–70 (requirement of knowing benefit not met where allegations of trafficking "caused many women not to work with [defendant], diverted company resources … away from business activities, and exposed [defendant] to potential liability").

### B.    There Is No Private Right of Action Under Section 2258A, and the Complaint Fails to Allege a Violation Thereof (Count II)

Plaintiff's claim under 18 U.S.C. § 2258A fails because that provision, which criminalizes the failure to report child sexual abuse material in some circumstances, does not provide a private right of action. Critically, 18 U.S.C. § 2255, the provision that does grant a civil cause of action to victims of criminal offenses under Chapter 110, expressly lists the statutory offenses that can serve as a predicate for such a civil claim—and does not list § 2258A. The statutory text alone is sufficient to foreclose Plaintiff's claim. *Abcarian v. Levine*, 972 F.3d 1019, 1025–26 (9th Cir. 2020).

The complaint cites 18 U.S.C § 2258B (Compl. ¶¶ 150, 151), and appears to confuse that provision's reference to "civil claim[s]" as granting a private right of action. But that is not what § 2258B says. Rather, it grants a general *immunity* to providers from any "civil claim or criminal charge … arising from the performance of the reporting of preservation responsibilities … under section 2258A." Section 2258B thus grants a "safe harbor" that immunizes providers "from all liability, civil or criminal, that might

*otherwise* have resulted from the nonconsensual disclosure of a user's electronic information," such as a claim arising from the wrongful disclosure of an individual's data. *United States v. DiTomasso*, 81 F. Supp. 3d 304, 306 (S.D.N.Y. 2015) (emphasis added); *United States v. Ackerman*, 831 F.3d 1292, 1297 (10th Cir. 2016) (referring to § 2258B as Congress's means of ensuring that "ISPs who forward and preserve images of child pornography in accord with the law may not be prosecuted"). Accordingly, although 18 U.S.C. § 2258B(b) provides certain exceptions from this general immunity for claims premised on "intentional misconduct" and "reckless disregard," that provision allows only civil claims that would otherwise be available to a plaintiff. For example, if an entity forwards an image depicting CSAM to the FBI or the National Center for Missing and Exploited Children (NCMEC) for investigation, the entity is not liable for violating the depicted minor's right to privacy and cannot be prosecuted for distributing CSAM. This exemption to the immunity provision does not grant anyone an independent statutory private right of action where none otherwise exists.

Even beyond this dispositive deficiency, the complaint fails to allege facts showing that Reddit violated § 2258A. Section 2258A does not impose a general "duty to report" CSAM, as the complaint suggests. Rather, it requires an electronic communications service provider, (1) "as soon as reasonably possible after obtaining actual knowledge of any facts or circumstances" of an offense relating to CSAM, (2) to provide to the "Cyber Tipline of NCMEC" the contact details of the provider, and (3) make "a report of [the] facts and circumstances" of such an offense "to the Cyber Tipline." 18 U.S.C. § 2258A(a)-(b).

Beyond a boilerplate allegation that Reddit "obtained actual knowledge that there was online sexual exploitation of children being published on [its] websites" (Compl. ¶ 149), Plaintiff makes no attempt to allege that Reddit failed to make any necessary reports to the Cyber Tipline, much less that it had failed to do so "as soon as reasonably possible." Given Plaintiff's failure to allege the necessary elements of her claim, this cause of action should be dismissed. And to the extent Plaintiff expects the Court to fill

in the gaps she has left, this would require sheer "speculation" and "conjecture," and is plainly insufficient to state a plausible claim under Rule 12. *Mujica v. AirScan, Inc.*, 771 F.3d 580, 592 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–78).

### C.   Plaintiff Does Not Adequately Allege that Reddit Received and Distributed CSAM Under Section 2252A (Count III)

Plaintiff also fails to state a claim under 18 U.S.C. § 2252A regarding Reddit's alleged "receipt and distribution of child pornography." Compl. ¶¶ 154–160.

Section 2252(a) makes it an offense to "*knowingly* receive[] or distribute[] any child pornography." 18. U.S.C. § 2252A (emphasis added). The "mere receipt of child pornography" is not prohibited, but rather "the *knowing* receipt of this illegal content." *United States v. Dobbs*, 629 F.3d 1199, 1204 (10th Cir. 2011). As the Ninth Circuit has explained, this knowledge requirement applies at the point of "accept[ing] or taking" the offensive material, *United States v. Vallejos*, 742 F.3d 902, 906 (9th Cir. 2014) (finding knowing receipt where defendant "knew he was downloading child pornography"), and it applies not just to the act of receiving the content, but to the "nature" of the content as well, *United States v. Hall*, 202 F.3d 270, at *3 (6th Cir. 2000) (per curiam) (table); *United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004) ("a person who seeks out only adult pornography, but without his knowledge is sent a mix of adult and child pornography" does not violate the knowing-receipt provision).

The complaint fails to allege that Reddit knowingly received or distributed content depicting Plaintiff's participation in sexual intercourse as a minor. Rather, it alleges only that *after* third parties posted this content on Reddit, Plaintiff alerted moderators on the individual subreddits to the nature of the content, whereupon Reddit removed the content within days. Compl. ¶¶ 123–124. These allegations, which are premised on the notion that Reddit did not affirmatively monitor the postings on its platform, foreclose any inference that Reddit had the requisite knowledge of the nature of the content involving Plaintiff at the time they were posted. *Id.* ¶ 127.

The allegations regarding the general presence of CSAM on Reddit also fail to

establish the requisite knowledge.   Plaintiff devotes six pages of the complaint to describing how Reddit should have been on "notice" of the general presence of CSAM on its website given post facto user complaints and third-party news reporting (*see, e.g.*, Compl. ¶¶ 30–35), but the complaint nowhere alleges that Reddit actually knew, at the time it received *any* of this content, much less the specific content involving Plaintiff, that such content was CSAM.   Plaintiff promises that "discovery will reveal the full extent to which Reddit is aware of the existence of child pornography being trafficked through its own websites" (*id.* ¶ 118), but, again, "[t]his argument fails because the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading."   *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021); *see also Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147–48 (9th Cir. 2012) (allegations of undated consumer complaints do not establish knowledge).

### D.   Plaintiff Does Not Adequately Allege that Reddit Distributed Private Sexually Explicit Materials in Violation of California Law (Count IV)

Plaintiff also fails to state a claim under California Civil Code § 1708.85, which grants a private right of action against a defendant "who intentionally distributes" private sexually explicit materials "without consent," if the defendant "knew that the other person had a reasonable expectation that the material would remain private."

First, apart from the bare recitation of a legal conclusion (Compl. ¶ 162), the complaint does not allege that Reddit ever "intentionally distribute[d]" the at-issue content.   Instead, it alleges the opposite—that Reddit removed the postings and disabled her former boyfriend's Reddit account after receiving Plaintiff's complaints.   *Id.* ¶¶ 124, 126.   Second, § 1708.85(c)(6) expressly precludes liability where the material "was previously distributed by another person."   Here, Plaintiff's own allegations establish that the content at issue was distributed first by the ex-boyfriend when he posted it on "various websites," including Reddit.   *Id.* ¶ 121.   Count IV should be dismissed.

### E.   Plaintiff Does Not Adequately Allege a Violation of California's Unfair Competition Law (Count V)

Plaintiff's claim under California's Unfair Competition Law also must be

-14-

1   dismissed.  Plaintiff first fails to establish the necessary standing to bring a UCL claim.
2   UCL standing requires a showing of economic injury (Cal. Bus. & Prof. Code § 17204),
3   and is "substantially narrower than federal standing under article III." *Kwikset Corp. v.*
4   *Super. Ct.*, 51 Cal. 4th 310, 324 (2011).  Neither general allegations of "emotional
5   distress" nor a claim of "lost time" or resources is sufficient to establish standing under
6   the UCL.  *Mashiri v. Vital Recovery Servs., Inc.*, 2014 WL 4249800, at *5 (S.D. Cal.
7   Aug. 27, 2014); *Knippling v. Saxon Mortg., Inc.*, 2012 WL 1142355, at *2 (E.D. Cal.
8   Mar. 22, 2012).  Here, apart from including "financial" harm as part of a boilerplate list
9   of "harms" allegedly suffered (Compl. ¶¶ 146, 153, 158), Plaintiff makes no attempt to
10  explain how Reddit's conduct led to actual economic injury.

11      Separately, because the UCL allows only equitable relief, Plaintiff's claim fails
12  because the complaint does not establish that she "lacks an adequate remedy at law."
13  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  Nor can
14  Plaintiff's request for compensatory and punitive damages be awarded under the UCL,
15  because "[a] UCL action is equitable in nature; damages cannot be recovered." *Korea*
16  *Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003).  Plaintiff also may
17  not recover restitution under the UCL because restitution "compel[s] a UCL defendant
18  to return money obtained through an unfair business practice to those persons in interest
19  from whom the property was taken, that is, to persons who had an ownership interest in
20  the property." *Id*. at 1144–45.  Here, Plaintiff nowhere alleges that she provided funds
21  to Reddit or that she has any claim to revenue earned by Reddit.

22      Finally, Plaintiff also fails to allege fraudulent, unlawful, or unfair business
23  practices to support a UCL claim.  She alleges no fraud or misrepresentation by Reddit,
24  much less with the specificity that Rule 9(b) requires.  *Kearns v. Ford Motor Co.*, 567
25  F.3d 1120, 1125 (9th Cir. 2009).  And her failure to allege any statutory violation (as
26  shown above) defeats any "unlawful" conduct claim.  *Greencycle Paint, Inc. v.*
27  *Paintcare, Inc.*, 2016 WL 1402845, at *9 (N.D. Cal. Apr. 8, 2016).  Finally, she does
28  not plausibly allege that having "inadequate age verification systems in place" (Compl.

-15-

¶ 169) is "unfair" conduct.  Plaintiff does not allege that Reddit's conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws[,] … or otherwise significantly threatens or harms competition," *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999), or that this conduct is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).[3]

### F.   Plaintiff Cannot Recover for Unjust Enrichment (Count VI)

Plaintiff's unjust enrichment claim also fails.  Because "there is no separate cause of action for unjust enrichment under California law," any such claim should be "dismissed with prejudice." *Bergado v. Velonza*, 2018 WL 5861296, at *6 (C.D. Cal. Mar. 19, 2018) (Selna, J.).  Even if the court construes the unjust enrichment claim as one for restitution, the Court still should dismiss the claim because the complaint fails to allege facts establishing a right to restitution, namely that (1) a benefit was conferred on the defendant and (2) it would be unjust for the defendant to retain that benefit.  *Cal. Fed. Bank v. Matreyek*, 8 Cal. App. 4th 125, 131 (1992).

Again, the complaint makes no showing that Reddit *benefits* from the alleged presence of CSAM on its website.  It asserts in conclusory fashion that Reddit benefits from illegal content on its site (*e.g.*, Compl. ¶ 52), but, as noted, it is far more reasonable to conclude that Reddit is *harmed* by the presence of any such materials on its site between the time of posting and when Reddit removes it.  As the Sixth Circuit recognized in *United States v. Miller*, 982 F.3d 412, 419 (6th Cir. 2020), "[c]ompanies like Google have business reasons to make … efforts to remove child pornography" because, as a company representative stated there, "[i]f our product is associated with

---

[3]  Lower California appellate courts are split on whether *Cel-Tech*'s requirement that the alleged harm must be to competition applies in consumer cases. *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 612–613 (2014).  Although the Ninth Circuit has held it does not, *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 994 (9th Cir. 2000), the better reasoned cases hold otherwise and Reddit wishes to preserve this issue.

being a haven for abusive content and conduct, users will stop using our services."

In addition, the "benefit" as asserted in the complaint is too attenuated from Plaintiff's alleged injuries.  Courts in the Ninth Circuit generally have required a "prior relationship" between the plaintiffs and defendants for restitution claims.  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 685 (9th Cir. 2009).  Absent a prior relationship, the connection "is simply too attenuated to support an unjust enrichment claim."  *Id.*  Here, the complaint alleges no prior relationship between Plaintiff and Reddit.  Instead, Plaintiff alleges that her ex-boyfriend filmed the two of them engaging in sexual activity, then posted those videos without Plaintiff's consent, allegedly increasing traffic on Reddit's website and in turn increasing Reddit's advertising revenue.  This is the exact kind of causal chain that is too attenuated to support an unjust enrichment claim.

Finally, courts have held that a benefit was conferred unjustly when a defendant received a benefit as a result of "mistake, fraud, coercion, or request," *CRV Imperial-Worthington, LP v. Gemini Ins. Co.*, 770 F. Supp. 2d 1074, 1078 (S.D. Cal. 2010), or when the enrichment lacks any "adequate legal basis," *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 998 (2015).  Here, the only benefit mentioned in the complaint is advertising and subscription revenue, but there is no allegation that Reddit received this general benefit as a result of mistake, fraud, coercion, or request, or that its subscription or advertising sales lacked a legal basis.

## II.   Section 230 of the Communications Decency Act Bars Plaintiff's Claims

Because the complaint fails to state a claim under any of the laws that it invokes, the Court's analysis can end here.  But Section 230 provides a separate ground for dismissal.  Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of information provided by another information content provider."  47 U.S.C. § 230(c)(1).  As myriad courts have held, Section 230 "immunizes providers of interactive computer services against liability arising from content created by third parties."  *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc).  That immunity—not only from

-17-

liability, but also from suit—"protects websites from liability … for material posted on the[ir] website[s] by someone else." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (alterations original).  The statute should be applied at the earliest stage of the case because it "protect[s] websites not merely from ultimate liability, but [also] from having to fight costly and protracted legal battles." *Roommates*, 521 F.3d at 1175.

Under the three-part test that the Ninth Circuit has repeatedly affirmed, Section 230 mandates dismissal where (1) the defendant is a "provider … of an interactive computer service," and (2) the claims seeks to hold the defendant liable as a "publisher or speaker" of (3) content created by someone other than the defendant-interactive computer service provider.  47 U.S.C. § 230(c)(1);  *Batzel v. Smith*, 333 F.3d 1018, 1030–31 (9th Cir. 2003).  Because Plaintiff's claims seek to hold Reddit liable for the alleged harmful effects of the posts by Plaintiff's ex-boyfriend, each of her claims is barred by Section 230.

## A.    Section 230 Applies to Each of Plaintiff's Claims

The first element of Section 230 is satisfied because Reddit is indisputably a provider of "interactive computer services" that qualifies for immunity.  An "interactive computer service" includes "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server."  47 U.S.C. § 230(f)(2).  As an "online messaging board (or bulletin board) on which Internet subscribers post comments and respond to comments posted by others," Reddit is a "prototypical service qualifying for [Section 230] immunity."  *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1266 (9th Cir. 2016); *see also* Compl. ¶¶ 32, 34 (acknowledging that on Reddit, "users … create subreddits" and "post stories, links, and media to these subreddits").  Federal courts already have recognized Reddit as an interactive computer service provider.  *Hepp v. Facebook, Inc.*, 465 F. Supp. 3d 491, 498 (E.D. Pa. 2020) (Reddit "fall[s] squarely within" the definition of an interactive computer service).

-18-

Plaintiff's claims also necessarily arise from content created entirely by individuals or entities other than the interactive computer service provider—here the ex-boyfriend who posted the at-issue videos on Reddit and other sites.  *Herrick v. Grindr LLC*, 765 F. App'x 586, 589–91 (2d Cir. 2019) (claims brought by victim of online campaign of harassment by ex-boyfriend barred by Section 230); *Roommates*, 521 F.3d at 1162; *see* Compl. ¶ 119 (Plaintiff's "boyfriend created four videos of the two of them engaging in sexual intercourse"); *id*. ¶ 121 (Plaintiff's "ex-boyfriend had posted multiple videos and images online of the two of them engaging in sexual intercourse").  There is no allegation that Reddit contributed to the allegedly unlawful content, which is the only link between Plaintiff's alleged injuries and Reddit.  *Dyroff*, 934 F.3d at 1098.

Finally, Plaintiff's claims seek to treat Reddit as the speaker or publisher of the ex-boyfriend's content.  *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009).  As the Ninth Circuit recently reaffirmed, the crux of this inquiry is whether, "regardless of the type of claim brought, ... the duty the plaintiff alleges stems from the defendant's status or conduct as a publisher or speaker." *Lemmon v. Snap, Inc.*, 996 F.3d 1085, 1091 (9th Cir. 2021) (citing *Barnes*, 570 F.3d at 1107).  In turn, "'publication' generally 'involve[s] reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content.'"  *Id*.

Here, each of Plaintiff's claims is premised on the theory that Reddit failed properly to "review[]" the third-party content posted on its platform, and also failed to "withdraw from publication" such third-party content.  *Barnes*, 570 F.3d at 1102.  The Ninth Circuit and other courts have held that Section 230 bars this type of claim.  In *Barnes*, the plaintiff sued Yahoo for failing to remove naked photos of her (along with an open solicitation to engage in sexual intercourse) posted by her ex-boyfriend.  *Id*. at 1098–99.  The plaintiff argued that Yahoo was negligent in failing to remove the content, but the Ninth Circuit found the claim barred by Section 230 because it would treat Yahoo as a publisher of the third-party content.  *Id*. at 1102–03.  Similarly, in *Gavra v. Google Inc.*, the plaintiff sued Google for failing to remove unflattering videos of her posted on

-19-

YouTube by a third party.  2013 WL 3788241, at *2 (N.D. Cal. July 17, 2013).  As in *Barnes*, the plaintiff claimed that Google owed a duty of care to remove videos that caused a foreseeable harm.  *Id.*  And as in *Barnes*, the court held that Google's conduct—refusal to remove "defamatory" YouTube videos—falls well within the bounds of publication activity.  *Id.* at *3; *see also Herrick*, 765 F. App'x at 590.

The Ninth Circuit's decision in *Dyroff* is likewise instructive.  934 F.3d 1093.  There, a user of a social networking site died after purchasing fentanyl-laced heroin from someone with whom he connected online.  *Id.* at 1095.  The Ninth Circuit held the claims barred by Section 230 because they "inherently require[] the court to treat the defendant as the 'publisher or speaker' of content provided by another" and the alleged liability for the claims necessarily arose from the "content" of the third-party postings.  *Id.* at 1098 (alteration in original).  The same is true here—the only way to hold Reddit liable for the content posted by the ex-boyfriend is to treat Reddit as the speaker of that content, but Section 230 specifically prohibits such treatment.

In an attempt at "artful plead[ing]," Plaintiff tries to cast her claims in terms of Reddit's moderation policies, or its failure to verify the age of the user, but as courts have repeatedly held, "Section 230(c)(1) is implicated not only by claims that explicitly point to third party content but also claims which, though artfully pleaded to avoid direct reference, implicitly require recourse to that content to establish liability or implicate defendant's role, broadly defined, in publishing or excluding third party [c]ommunications."  *Gonzalez v. Google, Inc.*, 335 F. Supp. 3d 1156, 1170 (N.D. Cal. 2018), *appeal pending* (alteration in original); *Herrick*, 765 F. App'x at 590–91 (negligent design claims barred because they "seek to hold Grindr liable for its failure to combat or remove offensive third-party content"); *Doe v. MySpace, Inc.*, 528 F.3d 413, 419–20 (5th Cir. 2008) (Section 230 bars claims that platform failed "to implement measures that would have prevented [the plaintiff] from communicating with [her trafficker]").  Claims seeking to hold a platform liable for failing to implement precautions are exactly the type of claims that are barred as "artful pleading" because

they are "voluntary precautions that the CDA permits but does not require," and seek to impose heightened publisher duties that Section 230 expressly prohibits. *Daniel v. Armslist, LLC*, 386 Wis. 2d 449, 475 (2019).

Ultimately, claims like Plaintiff's that relate to core publishing functions such as "reviewing, editing, and deciding whether to publish or withdraw from publication third-party content" are barred by Section 230. *Barnes*, 570 F.3d at 1102; *Roommates*, 521 F.3d at 1170–71 ("determin[ing] whether or not to prevent [the] posting" of third-party material online is "precisely the kind of activity for which section 230 was meant to provide immunity"). At their core, all of Plaintiff's claims are premised on the allegation that Reddit failed properly to monitor or remove the offending posts. Compl. ¶ 43 (Reddit did not "immediately take down the illegal videos and images depicting Plaintiff in a sex act as a minor"); *id*. ¶ 126 ("it fell on Jane Doe, and not the subreddit's moderator—to find these new posts and once again fight to have them removed").

Merely failing to monitor or remove third-party content is precisely what Section 230 immunizes. *Roommates*, 521 F.3d at 1170–71 ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230."); *Force v. Facebook, Inc.*, 934 F.3d 53, 65 (2d Cir. 2019) ("Facebook's alleged failure to delete content from Hamas members' Facebook pages" falls "within the heartland of what it means to be the 'publisher' of information under Section 230(c)(1)."). Likewise, the assertion that Reddit is liable because the ex-boyfriend was able to repost content that was previously removed (Compl. ¶¶ 125–128) "is foreclosed by the Ninth Circuit's recognition that, 'under the CDA, good faith efforts to remove objectionable content cannot create liability for service providers' failure to remove all such content.'" *Pennie v. Twitter*, 281 F. Supp. 3d 874, 890 (N.D. Cal. 2017).

None of the allegations about *Reddit*'s conduct transforms it from a publisher into a content creator. *Roommates*, 521 F.3d at 1163. Rather, as explained above, Plaintiff's theory that Reddit "fails to moderate content" (Compl. ¶¶ 63–70) falls directly within the scope of Section 230 immunity. Plaintiff's suggestion that Reddit may take an active

-21-

role in shaping the narrative on its site by awarding "karma" to contributors (Compl. ¶¶ 31, 52) is inadequate, because an interactive computer service provider does not become an information content provider if it does nothing more than "merely encourage" the creation of content.  Rather, to become a content creator, the provider must have *required* users to create the *illegal* content.  *Roommates*, 521 F.3d at 1169; *La Park La Brea A LLC v. Airbnb, Inc.*, 285 F. Supp. 3d 1097, 1106–07 (C.D. Cal. 2017).

For example, in *Kimzey*, the plaintiff complained that his business received negative reviews, and that Yelp's use of a star rating system meant that Yelp was the provider of the allegedly illegal content.  836 F.3d at 1270.  The Ninth Circuit disagreed, reasoning that the claim would impermissibly hold Yelp liable for third-party content, and that Yelp's provision of the rating system did not turn it into a content provider with respect to the third-party reviews.  *Id.* at 1270–71.  *Kimzey* is dispositive here, because Reddit's award of karma to users, like the star rating system there, is a generally available tool that encourages the creation of all forms of content on its platforms.

Neither does the ability to search on Reddit's website, or a search algorithm returning results (Compl. ¶ 33), turn Reddit into a content creator.  In *Dyroff*, for example, the plaintiff argued that the defendant contributed to the illegality because it used "algorithms and tools to collect [and] analyze" user data to "'recommend' and 'steer' vulnerable users … to forums frequented by drug users and dealers."  *Dyroff v. Ultimate Software Grp., Inc.*, 2017 WL 5665670, at *8 (N.D. Cal. Nov. 26, 2017), *aff'd*, 934 F.3d 1093 (9th Cir. 2019).  The court disagreed, holding that those website functionalities—i.e., "algorithmic recommendations of related groups[]"—were based on "users' voluntary inputs that create[d] the content on" the website.  *Id.* at *10; *see also Federal Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1118 (N.D. Cal. 2020) (recommending content does not "create 'content'").

Finally, that the content posted by Plaintiff's ex-boyfriend was illegal does not remove it from Section 230, which applies when the third-party content is illegal (except in rare circumstances not present here, as discussed below) and when the interactive

Gibson, Dunn & Crutcher LLP

MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

computer service provider knows "that its site would be used by third parties for illegal purposes." *Daniel*, 386 Wis. 2d at 476. "[T]he provision of neutral tools generally will not affect the availability of CDA immunity 'even if a service provider *knows* that third parties are using such tools to create illegal content,'" which means that "a plaintiff may not establish developer liability merely by alleging that the operator of a website should have known that the availability of certain tools might facilitate the posting of improper content." *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193, 1198 (N.D. Cal. 2009).

## B.    No Exception to Section 230 Applies

None of the statutory exceptions to Section 230 immunity applies to Plaintiff's claims. Plaintiff's claims are not exempted from Section 230 by the recent amendments Congress enacted in 2018, known as the Allow States and Victims to Fight Online Sex Trafficking Act ("FOSTA"). Pub. L. 115-164, 132 Stat. 1253 (Apr. 11, 2018). FOSTA created a narrow set of exemptions to Section 230 for certain sex trafficking claims brought under Section 1595 of the TVPRA, 18 U.S.C. § 1595, but *only* to the extent that "the conduct underlying the claim constitutes a violation of [18 U.S.C. § 1591]," which in turn sets out the standards for a *criminal* sex trafficking violation. 47 U.S.C. § 230(e)(5)(A). Having failed to establish any claim even under the lower standards of § 1595—and having not even *attempted* to allege facts meeting the required criminal standard of § 1591—Plaintiff does not meet the narrow exception created by FOSTA for criminal sex trafficking.

Separately, the FOSTA amendments did not create any exemption for state law claims, even those relating to sex trafficking, nor does Section 230 contain any exception for federal *civil* claims that are predicated on federal *criminal* offenses. Accordingly, Plaintiff's claims remain barred by the plain text of Section 230.

### 1.    The Complaint Does Not Allege Any Conduct by Reddit "Constituting a Violation" of Section 1591

As noted, FOSTA did not exempt all sex trafficking claims from Section 230, but only those brought under § 1595 if "the conduct underlying the claim constitutes a violation of section 1591." 47 U.S.C. 230(e)(5)(A). Exempting a § 1595 claim that does

not satisfy the stricter § 1591 standard "would disregard the plain language and structure of FOSTA." *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1250 (S.D. Fla. 2020).

Section 1591 differs in two critical ways from § 1595.  First, it requires *actual* knowledge or reckless disregard of the venture's acts of trafficking, as opposed to the "should have known" standard under § 1595.  Second, § 1591(e)(4) expressly defines "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)"—i.e., a direct trafficking venture.  This requires that a complaint "plausibly establish that Defendants knowingly participat[ed] in the sex trafficking venture involving [the plaintiff]," not merely that "Defendants knew that other sex trafficking incidents occurred on [the defendants' website]." *Kik Interactive*, 482 F. Supp. at 1250.  Plaintiff's complaint fails as a matter of law because it alleges only that Reddit purportedly knew "or should have known" that "videos and images featured on [its] websites depicted sex trafficking."  Compl. ¶ 140.  It does not allege that Reddit (1) had constructive, much less actual, knowledge of Plaintiff's trafficking, or (2) participated in a *sex trafficking* venture, as opposed to the same general commercial relationship that it has with all its users.  Having failed to state a claim under § 1591, Plaintiff cannot rely on the FOSTA exception to Section 230.

## 2.   Plaintiff's Civil Claims Predicated on Federal Criminal Offenses Are Not Exempt from Section 230

Plaintiff's claims premised on other violations of federal criminal law are also not exempt from Section 230.  The complaint cites 47 U.S.C. § 230(e)(1) (Compl. ¶ 160), but that provision, entitled "No Effect on *Criminal* Law," states that Section 230 shall not be construed to "impair the *enforcement* of section … 110 (relating to sexual exploitation of children) of title 18, or any other Federal *criminal* statute" (emphases added).  As courts have consistently held, this limited exception only exempts federal criminal claims, not civil claims. *See, e.g.*, *Force*, 934 F.3d at 71–72; *Gonzalez v. Google, Inc.*, 282 F. Supp. 3d 1150, 1163 n.5 (N.D. Cal. 2017), *appeal pending*; *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 157 n.11 (E.D.N.Y. 2011).

-24-

### 3.   State Law Claims Are Not Exempt from Section 230

Finally, Plaintiff's state law claims (Counts IV-VI) are foreclosed by Section 230, and that immunity remains unaffected by FOSTA.  Section 230 provides an exemption for some state criminal prosecutions, 47 U.S.C. § 230(e)(5)(B)–(C), but provides no similar statutory exemption for state law civil claims.  Consistent with the plain text, multiple courts have recognized that state law civil claims—including sex-trafficking claims—that turn on content posted to a social media site by a third party remain barred by Section 230.  *See, e.g.*, *J.B.*, 2020 WL 4901196, at *5 ("plain language" of FOSTA exemptions "suggests that state law claims are not carved out" from Section 230 immunity, "even in sex trafficking cases"); *Kik Interactive*, 2020 WL 5156641, at *8 (same).

## III.   Plaintiff's Claims Should Be Dismissed with Prejudice

Finally, this Court should not permit Plaintiff to amend the complaint because amendment would "be futile" and would "undu[ly] prejudice" Reddit.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008); *Heidari-Mojaz v. Arreguin*, 2020 WL 6541991, at *3 (C.D. Cal. Sept. 18, 2020).  Because all of Plaintiff's claims "fall squarely within [Section 230's] immunity provision, as a matter of law, and cannot be cured by amendment, it would be futile to grant leave to amend as to the claims asserted in the complaint." *Igbonwa v. Facebook, Inc.*, 2018 WL 4907632, at *7 (N.D. Cal. Oct. 9, 2018), *aff'd*, 786 F. App'x 104 (9th Cir. 2019); *A.B. v. Facebook, Inc.*, No. 2:20-CV-009012-CBM, Dkt. 49 at 8 n.6 (June 6, 2021) (dismissing claims without leave to amend after finding claims barred by *in pari delicto* and Section 230).  And granting leave to amend would unduly prejudice Reddit because Section 230 provides immunity *from suit*, not just immunity from liability.  *See Roommates*, 521 F.3d at 1174–75.  Requiring Reddit to continue to litigate this suit would subject it to the "costly and protracted legal battle[]" that Section 230 was designed to prevent.  *Id.* at 1175.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the claims against Reddit, Inc.

1  Dated:  June 16, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,



By: */s/ Theane Evangelis*
Theane Evangelis

THEANE EVANGELIS
MICHAEL H. DORE
KRISTIN A. LINSLEY

GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendant*
*Reddit, Inc.*