# Exhibit A

September 8, 2016

Hon. Donna Ryu
U.S. District Court, Northern District of California
Oakland Courthouse, Courtroom 4
1301 Clay Street
Oakland, CA 94612

   RE: *Gonzalez v. Twitter*, et al 4:16-cv-03282

Your Honor:

  In accordance with the Court's Standing Order, Item #12 on discovery disputes, the parties respectfully submit this joint letter.

  On August 31, 2016, the parties conducted a conference pursuant to Fed. R. Civ. P. 26(f). This letter addresses two issues on which the parties did not agree during that conference. First, Plaintiff asserts that Defendants failed to comply with the Rule 26(f) requirements to meet and confer regarding a discovery plan—a contention with which Defendants disagree. Second, Defendants requested that Plaintiff agree to a stay of discovery pending resolution of Defendants' then-forthcoming motion to dismiss, filed on September 2, 2016. Plaintiff's position is that it is unwilling to consider Defendants' request for a stay absent a discussion on a discovery plan as required under Rule 26 and the local rules of the Court. Despite negotiation efforts, the parties are at an impasse and therefore submit this statement. The parties are scheduled to appear before the Court on September 21, 2016 for the initial Case Management Conference. Defendants' view is that there is no reason why these issues need to be resolved in advance of that Conference.[1] Plaintiff disagrees and proffers that the very purpose of meet and conferring over discovery is to prepare for the initial Case Management Conference.

### Plaintiff's Statement

  Plaintiff's position is as follows. Defendants collectively have taken the position that their intention to seek dismissal of the case under 47 U.S.C. § 230 stays any obligation to provide information concerning document preservation and discoverable information as required under F.R.C.P. 26(f) and this court's procedure for the preparation of case management statements. Defendants also take the position that their duty to provide disclosures under F.R.C.P. 26(a) should also be stayed. Plaintiff disagrees with this proposition and believe that Defendants are

---

[1] As will be discussed in greater detail in the Joint Case Management Statement to be filed on or before September 14, 2016, no hearing dates or deadlines have been set by the Court other than the September 21, 2016 Case Management Conference and associated deadlines. Defendants filed a motion to dismiss Plaintiff's complaint on September 2, 2016. That motion specified a November 10, 2016 hearing on the motion. Concurrently with this joint letter, the parties will be filing a joint stipulation to accommodate a request by Plaintiff to extend his time to oppose the motion or, in the alternative, file an amended complaint, and the Defendants' request to adjust other deadlines and the hearing date on account of Plaintiff's requested extension.

1

not entitled to a stay for compliance with the initial disclosures and 26(f) meet and confer requirements.

Your Honor ordered that the parties meet and confer by August 31, 2016 on initial disclosures, early settlement, ADR process selection, and discovery plan. As ordered, on August 31, 2016 the parties met and conferred and concluded that ADR is unlikely to be of assistance in this case and there was little prospect of an early settlement. As to initial disclosures and a discovery plan, no meaningful meet and confer took place. On the topic of document preservation, Defendants stated that they knew their obligations and were doing what they were required to do, but would not provide any details concerning preservation efforts and thus no meaningful exchange took place. As with preservation, Defendants further refuse to discuss anything concerning discovery or initial disclosures. Defendants position was that §230 freed them from the burden of meeting any obligations imposed by the Court on case management meet and confers with respect to preservation and discovery.

It is Plaintiff's position that irrespective of any defenses which might be raised by Defendants, the Court is clear in that there is an expectation to comply with rules associated with case management. This would include initial Rule 26 disclosures, and engaging in a meaningful meet and confer on preservation and discovery. As Plaintiffs understand Defendants' position, they claim that since they will win their motion to dismiss, they do not need to comply with the Court's order and the local rules on meeting and conferring on preservation and production of discovery. Such a position could be taken by every defendant in every case. If it was the intention of the Court to stay all case management obligations while there was a motion to dismiss pending, then the Court could have written that into the rules. If Defendants wanted a stay of the Court ordered requirements, they had more than ample opportunity to move the Court for such relief. Even after the meet and confer took place, Defendants have failed to move this Court for relief. This is fundamentally unfair and the Court should look unfavorably on this inexcusable delay.

In addition, Plaintiff objects to Defendants effectively turning this joint letter into a motion for stay of discovery. While the Court is clear that discovery disputes should be filed as a letter, Plaintiffs believe that this was not intended to supplant all motions in any way concerning discovery. Therefore, Plaintiffs respectfully request that this court require Defendants to file a formal motion seeking a stay of discovery to which Plaintiff should be entitled to respond. Nevertheless, despite Defendants' request for a stay of discovery, Defendants have offered no basis as to why that should also include a stay of case management meet and confer requirements.

### **Defendants' Statement**

Defendants strongly disagree with Plaintiff's assertion that Defendants failed to comply with the requirements under Rule 26(f) and this Court's standing order to meet and confer concerning the prescribed case management topics, including document preservation and discovery. In fact, as indicated above, the parties timely held the required Rule 26(f) conference on August 31, 2016. Counsel for each of the three Defendants participated in the conference, and the parties discussed, one by one, each of the required items set forth in Rule 26(f) and this Court's case management standing order. The conference specifically included discussions of

2

both initial disclosures and preservation.  Regarding initial disclosures, Defendants did (and will shortly do) exactly what Rule 26 allows:  They objected "during the conference that initial disclosures are not appropriate in this action and [will] state[] the objection in the proposed discovery plan" (to be filed by September 14, 2016).  Fed. R. Civ. P. 26(a)(1)(C).  As to preservation, counsel for each Defendant represented to counsel for Plaintiff that their client had taken all necessary steps to ensure preservation of potentially relevant documents.  Finally, Defendants requested that Plaintiff agree to a stay of discovery pending resolution of Defendants' motion to dismiss and advised Plaintiff that, absent such an agreement, they would ask this Court to enter such a stay.  These steps are precisely what Rule 26 requires and allows.  The fact that Defendants believe, for the reasons discussed below, that it is appropriate to stay discovery pending resolution of their motion to dismiss does not mean, as Plaintiff suggests, that Defendants failed to engage in the Rule 26(f) process.

Following up on the Rule 26 discussion, Defendants hereby respectfully request that the Court enter a stay of discovery pending the outcome of Defendants' motion to dismiss.  Such a stay is necessary to vindicate the immunity provided by 47 U.S.C. § 230 ("Section 230"), on which the motion is largely based.  As set forth more fully in Defendants' motion (Dkt. No. 36), Section 230 broadly immunizes providers of interactive computer services (such as Defendants) from liability for content provided by third parties and, Defendants argue, bars the present action.  Courts have repeatedly held that Section 230 affords such providers with protection not only from liability, but also from the burdens of litigating claims that fall within the scope of the immunity.  Consistent with this principle, it is commonplace for Defendants seeking dismissal of lawsuits based on Section 230 immunity to request, and courts to grant, stays of discovery pending resolution of the immunity issue.

Judge Orrick recently granted exactly such a stay in a very similar lawsuit against Defendant Twitter involving analogous claims under the federal Terrorism Civil Remedy provision (18 U.S.C. § 2333) and the same Section 230 defense.  *See Fields v. Twitter, Inc.*, No. 3:16-CV-00213-WHO, Dkt. No. 28 (N.D. Cal. Apr. 7, 2016).[2]  Plaintiff offers no reason why this litigation—based on a Complaint that was largely cut-and-pasted from *Fields*—should be treated any differently.

The Ninth Circuit has instructed courts to "keep firmly in mind that [Section 230] is an immunity statute"—and it is one that protects entities like Twitter, Google, and Facebook "not merely from ultimate liability, but from having to fight costly and protracted legal battles."  *Fair Hous. Council v. Roommates.com*, 521 F.3d 1157, 1174-1175 (9th Cir. 2008) (*en banc*); *see also Jones v. Dirty World Entm't Recordings*, 755 F.3d 398, 417 (6th Cir. 2014) (Section 230 "is an immunity from suit rather than a mere defense to liability"); *Nemet Chevrolet v. Consumeraffairs.com*, 591 F.3d 250, 254 (4th Cir. 2009) (same).  As the Supreme Court made clear in discussing an analogous immunity, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)

Needlessly subjecting Defendants in this action to the burdens of litigation, including

---

[2] Defendants have not attached unpublished orders to this letter, given the instruction in this Court's standing order that "[n]o other exhibits shall be submitted without prior court approval," but Defendants will submit those orders if the Court requests them.

discovery, would defeat the important policies advanced by Section 230 immunity—namely, Congress's goals of preserving "unfettered … free speech on the Internet" and encouraging Internet service providers to self-police their platforms for unlawful and offensive content. *Batzel v. Smith*, 333 F.3d 1018, 1027-1028 (9th Cir. 2003); *see also Jones*, 755 F.3d at 417 (Section 230 immunity should attach at earliest possible point in litigation "[g]iven the role [Section 230] plays in an open and robust internet by preventing the speech-chilling threat of the heckler's veto"); *Ben Ezra, Weinstein, & Co. v. Am. Online*, 1998 WL 896459, at *2 (D.N.M. July 16, 1998) ("Congressional policy considerations" in Section 230, like those in 42 U.S.C. § 1983 context, require "immunity from the burdens of litigation").  Whenever Section 230's broad protections apply, the statute "'precludes courts from entertaining'" the plaintiff's claim. *Zeran v. Am. Online*, 129 F.3d 327, 330 (4th Cir. 1997); *accord Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003) (Section 230 "bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions'").

For these reasons, courts routinely stay discovery pending the resolution of a dispositive motion under Section 230. *See, e.g., Universal Commc'n Sys. v. Lycos, Inc.*, 478 F.3d 413, 425 (1st Cir. 2007) (affirming stay of all discovery); *Noah v. AOL Time Warner, Inc.*, No. 02-CV-1316 (E.D. Va. May 7, 2003), Dkt. No. 31 (minute order staying all discovery); *Ben Ezra, Weinstein, & Co. v. Am. Online*, No. 97-485 (D.N.M. Feb. 3, 1999) (unpublished order denying discovery beyond that necessary to determine whether allegedly harmful content originated with third party rather than AOL; reasoning that Section 230 "affords interactive service providers" a "congressionally mandated special immunity" that "free[s]" online service providers "from the burdens of discovery"), *aff'd* 206 F.3d 980, 987 (10th Cir. 2000); *Blumenthal v. Drudge*, No. 97-CV-01968 (D.D.C. Nov. 28, 1997), Dkt. No. 17 (minute order staying all discovery).  Judge Orrick followed suit in *Fields*, "agree[ing] with defendant [Twitter] that a discovery stay is appropriate for the time being," while the Court resolved Twitter's motion to dismiss. *See Fields*, No. 3:16-CV-00213-WHO, Dkt. No. 28.[3]

Even beyond these considerations, this Court always has "broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007).  A stay is appropriate when, as here, a pending motion "is potentially dispositive of the entire case" and "can be decided absent discovery." *Gibbs v. Carson*, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014).  Because both of Defendants' grounds for dismissal—Section 230 immunity and failure to state a claim under 18 U.S.C. § 2333(a)—satisfy these requirements, the "'sounder practice'" is to resolve Defendants' motion to dismiss "'before forcing the parties to undergo the expense of discovery,'" *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 568 (N.D. Cal. 2013) (quoting *Rutman Wine v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

Finally, Plaintiff is mistaken that Defendants violate this Court's instructions by raising the issue of a discovery stay in this letter, rather than in a formal motion to stay discovery.  The Court's standing order (item #12) instructs that "[t]he parties shall not file formal discovery motions" but shall instead "file a joint letter" of five pages or less presenting the parties'

---

[3] Judge Orrick granted Twitter's underlying motion to dismiss on August 10, 2016. *See Fields*, 2016 WL 4205687.

4

discovery dispute.  This is exactly the process the Defendants have followed here.  It also is exactly the process that Defendant Twitter (and plaintiffs) followed in *Fields*, and Judge Orrick granted the requested stay without further briefing.  *See Fields*, No. 3:16-CV-00213-WHO, Dkt. Nos. 26, 28.  Plaintiff's request for an order requiring Defendants to file a formal stay motion is inconsistent with this Court's desire "to respond to discovery disputes in a flexible, cost-effective and efficient manner."  Standing Order, Item #12.

For these reasons, Defendants respectfully request that the Court enter an order, along the lines of the order entered in *Fields*, pending the outcome of Defendants' motion to dismiss.

Respectfully submitted,

|  |  |
|---|---|
| /s/ Keith Altman<br>KEITH ALTMAN (CA SBN 257309)<br>kaltman@lawampmmt.com<br>SOLOMON RADNER (*pro hac vice*)<br>sradner@1800lawfirm.com<br>26700 Lahser Road, Suite 401<br>Southfield, MI 48033<br>Telephone:  (516) 456-5885<br><br>ARI KRESCH (*pro hace vice*)<br>akresch@1800lawfirm.com<br>26700 Lahser Road, Suite 400<br>Southfield, MI 48033<br>Telephone:  (248) 291-9712<br><br>*Attorneys for Plaintiff*<br><br>/s/ David H. Kramer<br>DAVID H. KRAMER (CA SBN 168452)<br>dkramer@wsgr.com<br>LAUREN GALLO WHITE (CA SBN 309075)<br>lwhite@wsgr.com<br>WILSON SONSINI<br>  GOODRICH & ROSATI, P.C.<br>650 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:     (650) 493-9300<br>Facsimile:     (650) 565-5100<br><br>BRIAN M. WILLEN (*pro hac vice*)<br>bwillen@wsgr.com<br>WILSON SONSINI<br>  GOODRICH & ROSATI, P.C.<br>1301 Avenue of the Americas<br>New York, NY 10019<br>Telephone:  (212) 999-5800<br><br>*Attorneys for Defendant*<br>**GOOGLE INC.** | /s/ Seth P. Waxman<br>SETH P. WAXMAN (*pro hac vice*)<br>seth.waxman@wilmerhale.com<br>PATRICK J. CAROME (*pro hac vice*)<br>patrick.carome@wilmerhale.com<br>ARI HOLTZBLATT (*pro hac vice*)<br>ari.holtzblatt@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>Telephone:  (202) 663-6800<br>Facsimile:  (202) 663-6363<br><br>MARK D. FLANAGAN (CA SBN 130303)<br>mark.flanagan@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100<br><br>*Attorneys for Defendant*<br>**TWITTER, INC.**<br><br>/s/ Kristin A. Linsley<br>KRISTIN A. LINSLEY (CA SBN 154148)<br>kristin.linsley@mto.com<br>ROSEMARIE T. RING (CA SBN 220769)<br>rose.ring@mto.com<br>ANDREW RUBENSTEIN (CA SBN 295116)<br>andrew.rubenstein@mto.com<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street<br>San Francisco, CA  94105<br>Telephone:  (415) 512-4000<br>Facsimile:     (415) 512-4077<br><br>*Attorneys for Defendant*<br>**FACEBOOK, INC.** |

## ATTORNEY ATTESTATION

      I, Ari Holtzblatt, am the ECF User whose ID and password are being used to file this Notice of Motion, Motion, and Memorandum.  In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

      By:   /s/ Ari Holtzblatt
                Ari Holtzblatt

## CERTIFICATE OF SERVICE

      I hereby certify that on September 8, 2016, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

      By:   /s/ Ari Holtzblatt
                Ari Holtzblatt

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CIVIL CONFERENCE MINUTE ORDER

| **Date:** 9/21/16 | **Time:** 2:33-2:59 | **Judge:** DONNA M. RYU |
|---|---|---|
| **Case No.**: 4:16-cv-03282-DMR | **Case Name:** Gonzalez v. Twitter, Inc., et al | |

**For Plaintiff:** Keith Altman
**For Defendant Twitter:** Ari Holtzblatt
**For Defendant Google:** David Kramer
**For Defendant Facebook:** Kristin Linsley

**Deputy Clerk:** Ivy Lerma Garcia          **FTR:** 2:33-2:59

PROCEEDINGS

Initial Case Management Conference held.   Discovery is stayed pending further order.

COURT SET THE FOLLOWING DATES:

Hearing on Defendants' Motion to Dismiss:  1/12/2017 at 11:00 a.m.
Plaintiff's response due by:  10/18/2016
Defendants' reply due by:  11/7/2016

If Plaintiff files an Amended Complaint, parties can submit a new proposed briefing schedule re: Defendants' Motion to Dismiss.

**Order to be prepared by:**
( )    Plaintiff              ( )    Defendant              ( )    Court

cc: Chambers