THEANE EVANGELIS, SBN 243570
MICHAEL H. DORE, SBN 227442
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

KRISTIN A. LINSLEY, SBN 154148
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Reddit, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REDDIT, INC.,<br><br>Defendant. | CASE NO. 8:21-CV-00768-JVS-KES<br><br>**DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS UNDER FED. R. CIV. P. 12(b)**<br><br>Before: Hon. James V. Selna<br>Hearing: July 19, 2021<br>Time: 1:30 p.m. |

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... 1

ARGUMENT ........................................................................................................... 2

    I.    There Is a Clear Possibility That Reddit's Motion Will Resolve This Case ............................................................................................. 3

        A.    Plaintiff's Claims Are Barred by Section 230 ................................. 4

        B.    Plaintiff's Claims Also Suffer from Other Fundamental Deficiencies ..................................................................................... 6

    II.    Plaintiff Cannot Use Discovery to Bolster Her Defective Complaint .................................................................................................. 7

    III.    The Breadth of Plaintiff's Discovery Requests Confirms the Need for A Stay ............................................................................................. 9

    IV.    Plaintiff's Assertion of Prejudice Is Unrelated to the Issuance of a Stay ............................................................................................. 11

CONCLUSION ...................................................................................................... 12

-i-

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)                                CASE NO. 8:21-CV-00768-JVS-KES

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

### Cases

*A.B. v. Facebook, Inc.*,
  No. 2:20-CV-009012-CBM (C.D. Cal. June 6, 2021) ................................................. 6

*Amey v. Cinemark USA, Inc.*,
  2013 WL 12143815 (C.D. Cal. Oct. 18, 2013) ....................................................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 7

*Barnes v. Yahoo!, Inc.*,
  570 F.3d. 1096 (9th Cir. 2009) ........................................................................... 4, 10

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 8, 12

*Doctor's Assocs., Inc. v. QIP Holders, LLC*,
  2007 WL 1186026 (D. Conn. April 19, 2007) ......................................................... 8

*Doe v. Kik Interactive, Inc.*,
  482 F. Supp. 3d 1242 (S.D. Fla. 2020) ........................................................... 4, 5, 6, 8

*Dyroff v. Ultimate Software Grp., Inc.*,
  934 F.3d 1093 (9th Cir. 2019) ............................................................................ 8, 11

*Ezra v. Am. Online, Inc.*,
  1998 WL 896459 (D.N.M. July 16, 1998) ............................................................. 11

*In re Facebook, Inc.*,
  __ S.W.3d __, 2021 WL 2603687 (Tex. Jun. 25, 2021) .......................................... 5

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) ................................................................................ 11

*Gonzalez v. Google, LLC.*,
  __ F.4th __, 2021 WL 2546675 (9th Cir. June 22, 2021) ................................ 5, 6, 8

*Hunter v. Boeing North American, Inc.*,
  2013 WL 12130575 (C.D. Cal. Sept. 27, 2013) ....................................................... 2

*Igbonwa v. Facebook, Inc.*,
  2018 WL 4907632 (N.D. Cal. Oct. 9, 2018),
  *aff'd*, 786 F. App'x 104 (9th Cir. 2019) ................................................................... 6

*J.B. v. G6 Hospitality, Inc.*,
  2020 WL 4901196 (N.D. Cal. Aug. 20, 2020) ................................................. 4, 5, 8

*Lemmon v. Snap, Inc.*,
  995 F.3d 1085 (9th Cir. 2021) ................................................................................ 10

-ii-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)                    CASE NO. 8:21-CV-00768-JVS-KES

*M.L. v. craigslist Inc.*,
   2020 WL 5494903 (W.D. Wash. Sept. 11, 2020) ......................................................... 5

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
   2013 WL 12129944 (C.D. Cal. Jan. 14, 2013) .............................................................. 3

*Morton v. Twitter, Inc.*,
   2021 WL 1181753 (C.D. Cal. Feb. 19, 2021) ..................................................... 4, 8, 11

*Mujica v. AirScan Inc.*,
   771 F.3d 580 (9th Cir. 2014) ..................................................................................... 2, 7

*O'Connor v. Uber Techs Inc.*,
   2014 WL 5794323 (N.D. Cal. Nov. 6, 2014) ............................................................. 11

*Optronic Techs., Inc. v. Ningbo Sunny Electronic Co., Ltd.*,
   2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) .............................................................. 4

*Perfect 10, Inc. v. Google, Inc.*,
   2008 WL 4217837 (C.D. Cal. July 16, 2008) .............................................................. 8

*Pettaway v. National Recovery Solutions, LLC*,
   955 F.3d 299 (2d Cir. 2020) ......................................................................................... 3

*Quezambra v. United Workers of Am. AFSCME Loc. 3930*,
   2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) ......................................................... 2, 9

*Reyes v. Wells Fargo Bank*,
   2017 WL 11568871 (C.D. Cal. Aug. 17, 2017) ...................................................... 7, 12

*Rutman Wine Co. v. E & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ........................................................................................ 1

*Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*,
   2007 WL 1146607 (E.D. Cal. April 18, 2007) ............................................................. 3

*Tradebay LLC v. eBay, Inc.*,
   278 F.R.D. 597 (N.D. Cal. Mar. 30, 2017) ............................................................... 2, 6

*In re Valence Tech. Securities Litig.*,
   1994 WL 758688 (N.D. Cal. Nov. 18, 1994) ............................................................... 4

*Villegas v. J.P. Morgan Chase & Co.*,
   2010 WL 816622 (N.D. Cal. Mar. 9, 2010) ............................................................... 11

*Woodhull Freedom Found. v. United States*,
   948 F.3d 363 (D.C. Cir. 2020) ...................................................................................... 7

**Statutes**

18 U.S.C. § 1591 ................................................................................................... 4, 5, 6

18 U.S.C. § 2252A ........................................................................................................ 7

-iii-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES

18 U.S.C. § 2258A ................................................................................................... 7

47 U.S.C. § 230 ................................................................................................... 1, 5

California Civil Code § 1708.85 ............................................................................ 7

**Rules**

Federal Rule of Civil Procedure 8 ..................................................................... 2, 7

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 8

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)                    CASE NO. 8:21-CV-00768-JVS-KES

# INTRODUCTION

A discovery stay is warranted under the applicable test because (1) Reddit's motion to dismiss (and any follow-on motion to dismiss an amended complaint) has the potential to dispose of the entire case and (2) no discovery is needed to decide it. Reddit has shown more than a mere potential that this case will be dismissed as a matter of law. Under binding Ninth Circuit law, Section 230 of the Communications Decency Act forecloses cases like this one that seek to impose liability on internet platforms for failing to edit or remove offensive content. 47 U.S.C. § 230. And as Reddit's motion shows, none of the causes of action pled in the complaint state a claim on the merits. Although the Court need not resolve the merits for purposes of this motion, the facts and legal claims as pled in the complaint make this case appropriate for dismissal as a matter of law. Accordingly, the burdensome discovery that Plaintiff seeks to pursue from Reddit on a parallel track should be stayed.

The Ninth Circuit has repeatedly affirmed that Section 230 creates an immunity *from suit* that would be irretrievably lost if Reddit were required to respond to discovery before receiving a ruling on its Section 230 immunity defense. This is especially so where, as here, Plaintiff's sweeping discovery into Reddit's content policies, moderator appointment practices, and financial information, among other topics, threatens to undermine the very Section 230 immunity to which Reddit is entitled. As the Ninth Circuit has held in similar cases, "[i]t is sounder practice" to stay discovery pending resolution of these threshold issues. *Rutman Wine Co. v. E & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Although Plaintiff promises additional facts in a forthcoming amended complaint, the opposition does not engage with the significant body of Ninth Circuit precedent barring these general types of claims, however pled.

Even beyond Section 230, Plaintiff's discovery requests reflect an unfocused fishing expedition seeking a decade's worth of information and materials regarding wide swaths of Reddit's business—all before this Court has determined whether the complaint

-1-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)                    CASE NO. 8:21-CV-00768-JVS-KES

states a claim in the first instance. But the Ninth Circuit has made clear that a plaintiff "must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (emphasis in original). The opposition offers no precedent allowing such unbounded discovery at the pleading stage.

Finally, Plaintiff offers no relevant argument that she will be prejudiced by a delay of discovery. Her only claim of prejudice relates to the actions of a third-party actor who she claims is engaged in ongoing harmful conduct toward her. But these alleged harms have nothing to do with the broad discovery that Plaintiff seeks about Reddit's content policies and financial information. Her discovery requests do not even mention the events specifically concerning Plaintiff. For all of these reasons, this Court should stay discovery until the Court decides the Section 230 question and addresses the myriad flaws in Plaintiff's complaint.

## ARGUMENT

The parties agree that the applicable test in this District is the two-part test that looks to (1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the pending, potentially dispositive motion can be decided without discovery. Opp. at 5. Plaintiff tries to graft additional requirements onto this test, but her own cases confirm that discovery stays are granted upon satisfaction of these two factors alone, even where courts have stated that the moving party has a "heavy" burden to show "good cause." *Quezambra v. United Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *1 (C.D. Cal. Nov. 14, 2019); *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 608 (N.D. Cal. Mar. 30, 2017). As Reddit has shown, a straightforward application of this two-part test supports a discovery stay here. Mot. at 6–9.

Plaintiff's plans to amend her complaint are inconsequential. Plaintiff has not explained what amendments are planned, or how any such changes would moot the arguments Reddit has raised, including its Section 230 defense. *Hunter v. Boeing North*

-2-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES

*American, Inc.*, 2013 WL 12130575, at *2 (C.D. Cal. Sept. 27, 2013) (noting that "briefing on [a] pending motion to dismiss [would] apply equally to the amended complaint" where the amendments were limited in scope); *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (rejecting argument that "a pending motion to dismiss is automatically rendered moot when a complaint is amended"). Indeed, the fact that Plaintiff confirmed her intent to amend her complaint *after* Reddit filed its motion to dismiss strongly suggests that Reddit's motion raises valid arguments that should be resolved before Plaintiff proceeds with broad discovery. The procedural posture of this case is one of Plaintiff's own making. Despite Reddit's requests, Plaintiff refused to agree to a temporary discovery stay pending Plaintiff's planned amendments, leaving Reddit no choice but to seek a stay based on the current state of the pleadings.

### I.  There Is a Clear Possibility That Reddit's Motion Will Resolve This Case

Plaintiff does not dispute that Reddit's motion to dismiss, if granted, would resolve this entire case—nor can she, given Reddit's showing that (a) Section 230 immunity bars all of the claims (Dkt. 24 (Reddit's Motion to Dismiss) at 18–23), (b) Plaintiff's allegations do not invoke any exemption to that immunity (*id.* at 23–25), and (c) each of Plaintiff's claims is fatally flawed even apart from Section 230 (*id.* at 5–17). Instead, she takes issue with the merits of Reddit's arguments for dismissal. But Plaintiff never contends with binding Ninth Circuit precedent and other authorities showing why, "upon a preliminary analysis of the merits of the motion," there is a "clear possibility" that Reddit's dismissal motion has the potential to dispose of this entire case. *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12129944, at *2 (C.D. Cal. Jan. 14, 2013).[1] Given Reddit's substantial showing on this point, this is not a case where a

---

[1] Plaintiff attempts to impose a "clear and convincing evidence" standard not adopted in this District. Opp. at 4, 7 (quoting *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607 (E.D. Cal. April 18, 2007)). Even if this standard applies, Reddit's motion satisfies it by citing binding authority mandating dismissal.

-3-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)                    CASE NO. 8:21-CV-00768-JVS-KES

defendant has failed to "cite[] anything rendering [dismissal] any more likely than [non-dismissal]." *Optronic Techs., Inc. v. Ningbo Sunny Electronic Co., Ltd.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018). Nor is this a case where a defendant merely argues "in a conclusory fashion the future success of its yet-to-be-filed motion to dismiss." *In re Valence Tech. Securities Litig.*, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994). Instead, Reddit offered significant legal authorities showing why Plaintiff's claims as pled are subject to dismissal. Plaintiff can disagree with Ninth Circuit caselaw, but she cannot disregard it.

### A. Plaintiff's Claims Are Barred by Section 230

The opposition barely responds to Reddit's argument that Plaintiff's claims are barred by Section 230, and it nowhere addresses the binding Ninth Circuit authority Reddit cited showing that Plaintiff's claims seeking to hold an internet platform liable for failing to remove third-party content are precisely the sort that Section 230 bars. Mot. at 13 (citing *Barnes v. Yahoo!, Inc.*, 570 F.3d. 1096, 1100–03 (9th Cir. 2009)); *see also Morton v. Twitter, Inc.*, 2021 WL 1181753, at *4 (C.D. Cal. Feb. 19, 2021) (Wu, J.) (Section 230 barred claims stemming from a third party's posting of plaintiff's nude photographs on defendant's website). The handful of points that the opposition offers in response are unpersuasive. Opp. at 8–9.

First, Plaintiff has not plausibly alleged a violation of 18 U.S.C. § 1591, and thus cannot invoke the limited exemption to Section 230 for federal sex trafficking claims. As Reddit argued in its motion to dismiss and its motion to stay (Mot. at 13–14, Dkt. 24 at 6–10, 23–24), federal courts repeatedly have held that failing to remove offensive content does not constitute the knowing facilitation of trafficking required for a violation of Section 1591. *See, e.g., J.B. v. G6 Hospitality, Inc.*, 2020 WL 4901196, at *7 (N.D. Cal. Aug. 20, 2020); *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1250–51 (S.D. Fla. 2020). Because Plaintiff nowhere alleges the type of intentional participation in a specific trafficking venture required to trigger the federal criminal trafficking provision,

-4-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES

she fails to undermine Reddit's merits argument.

The recent Texas Supreme Court decision that Plaintiff cites is irrelevant. That decision holds only that state statutory claims are exempt from Section 230 if they are "materially indistinguishable" from the federal criminal sex trafficking standard created by 18 U.S.C. § 1591, and confirms that all other state law claims are barred by Section 230. *In re Facebook, Inc.*, __ S.W.3d __, 2021 WL 2603687 at *9–12, 15 (Tex. Jun. 25, 2021). Even if that decision reflected a correct reading of Section 230, which it does not,[2] Plaintiff's state and federal law claims are not "materially indistinguishable" from a federal criminal Section 1591 violation, and most of them have different elements having nothing to do with sex trafficking. Dkt. 24 at 11–17.

Indeed, in a decision released after Reddit filed its dismissal motion, the Ninth Circuit held that the exemption for "enforcement of … any … Federal criminal statute" under 47 U.S.C. § 230(e)(1) is limited to "criminal prosecutions, and not civil actions based on criminal statutes." *Gonzalez v. Google, LLC.*, __ F.4th __, 2021 WL 2546675, at *12 (9th Cir. June 22, 2021). This decision confirms that Plaintiff, having failed to allege a violation of Section 1591 of the Trafficking Victims Protection Act ("TVPA"), cannot invoke *any* of the exemptions to Section 230 immunity.

Plaintiff's final argument, that Reddit is a content provider, also is incorrect. Plaintiff lifts her cursory argument—that Reddit is "a content provider, due to its 'unique system, [which] facilitated [the alleged trafficking and Reddit's consequent] financial benefits[,]'" Opp. at 9—from a different case describing inapposite allegations against a different platform. In that case, the plaintiff had alleged that "craiglist's involvement in developing or creating the advertisements used to traffic Plaintiff," and "concrete

---

[2] The Texas court's novel reading of the FOSTA amendments to Section 230 conflicts with both the text of the statute and at least two federal court decisions. *J.B.*, 2020 4901196, at *5 ("plain language" of exemptions "suggests that state civil claims are not carved out" from immunity "even in sex trafficking cases"); *Kik Interactive*, 482 F. Supp. 3d at 1250–51.

-5-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)                    CASE NO. 8:21-CV-00768-JVS-KES

1  actions taken by craigslist that facilitated her trafficking" made Craigslist a content
2  provider. *M.L. v. craigslist Inc.*, 2020 WL 5494903, at *3 (W.D. Wash. Sept. 11, 2020).
3  Here, Plaintiff's claims are premised on failures or delays in removing offensive content.
4  As the Ninth Circuit's recent decision in *Gonzalez* reaffirms, internet platforms may be
5  held liable only when they "materially contribut[ed] to [the] *alleged unlawfulness*" of
6  third-party content. 2021 WL 2546675 at *13 (emphasis in original). Plaintiff cannot
7  plausibly allege that Reddit contributed to the alleged unlawfulness of the content
8  depicting Plaintiff, which was captured before it was ever posted to Reddit. Dkt. 24 at
9  21–23.

The potential application of Section 230 immunity to Plaintiff's claims weighs in favor of a stay here. As Plaintiff notes, whether a party may amend its complaint is one factor courts consider when assessing if a motion is truly dispositive. Opp. at 7. Accordingly, where "a motion to dismiss raises preliminary issues of jurisdiction, venue, or immunity," such that any amendment will likely be futile, a discovery stay is particularly appropriate. *Tradebay*, 278 F.R.D. at 600; *see also* Mot. at 7 (collecting Ninth Circuit cases affirming stays pending resolution of immunity issues). Motions to dismiss that raise the issue of Section 230 are regularly granted without leave to amend, and thus have the potential to be truly dispositive of the entire case. *See, e.g., Igbonwa v. Facebook, Inc.*, 2018 WL 4907632, at *7 (N.D. Cal. Oct. 9, 2018), *aff'd*, 786 F. App'x 104 (9th Cir. 2019); *A.B. v. Facebook, Inc.*, No. 2:20-CV-009012-CBM, Dkt. 49 at 8 n.6 (C.D. Cal. June 6, 2021); *Kik Interactive*, 482 F. Supp. 3d at 1250–51.

**B.    Plaintiff's Claims Also Suffer from Other Fundamental Deficiencies**

Plaintiff also does not address the other fundamental deficiencies in her complaint beyond Section 230. Plaintiff argues that she can state a claim under the TVPA because she need not plead that "Reddit knew of the specific trafficking at issue." Opp. at 11. But such a broad reading of Section 1591 finds no support in the cases (Plaintiff cites none) and is rejected by the cases that have addressed this issue. *See* Dkt. 24 at 9.

-6-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)                    CASE NO. 8:21-CV-00768-JVS-KES

1 | Plaintiff also ignores the other deficiencies in her TVPA claim, including her failure plausibly to allege that Reddit "overt[ly] participat[ed] in the sex trafficking aspects of [a] venture" or entered into a "tacit agreement" with her ex-boyfriend—a user whose account Reddit affirmatively disabled upon receiving notice of his conduct. Dkt. 24 at 7–8; *see also Woodhull Freedom Found. v. United States*, 948 F.3d 363, 375 (D.C. Cir. 2020) (FOSTA requires that a defendant "operate a website with the specific intent to pander or otherwise abet the exchange of sex for money").

The opposition also fails to address the deficiencies in Plaintiff's five other causes of action. It does not take issue with Reddit's points that (a) there is no private right of action for the second cause of action under 18 U.S.C. § 2258A, Dkt. 24 at 11–12, (b) Plaintiff's own allegations bar any inference that Reddit knew of the unlawful nature of her ex-boyfriend's postings *at the time* they were posted, thus foreclosing the third cause of action under 18 U.S.C. § 2252A, Dkt. 24 at 13–14, (c) the fourth claim under California Civil Code § 1708.85 fails to allege that Reddit *intentionally* distributed her private sexually explicit materials, Dkt. 24 at 14, (d) the fifth claim under California's Unfair Competition Law fails for lack of statutory standing, *id.* at 14–16, and (e) the sixth claim for unjust enrichment fails because there is no such separate cause of action under California law, *id.* at 16–17. Given that most of these defects cannot be cured by amendment, Plaintiff's failure to address these points is an admission that a stay is warranted independent of Section 230. *See, e.g.*, *Reyes v. Wells Fargo Bank*, 2017 WL 11568871, at *4 (C.D. Cal. Aug. 17, 2017) (collecting cases deeming argument conceded when not addressed in an opposition).

## II. Plaintiff Cannot Use Discovery to Bolster Her Defective Complaint

Plaintiff's suggestion that she should be allowed to take discovery to correct the deficiencies in her complaint is contrary to binding Supreme Court and Ninth Circuit caselaw. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (a plaintiff is not entitled to "unlock the doors of discovery" on the basis of defective pleadings); *Mujica*, 771 F.3d

-7-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES

1  at 593 ("plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery
2  stage, not after it") (emphasis in original).  Certainly, no discovery is needed to resolve
3  Reddit's motion to dismiss, which accepts all of Plaintiff's well-pleaded allegations as
4  true (Dkt. 24 at 2, n.2), and may be resolved on the pleadings alone.  Indeed, this is the
5  purpose of Rule 12(b)(6).  *Bell Atlantic v. Twombly*, 550 U.S. 544, 559 (2007) (when
6  "allegations in a complaint, however true, could not raise a claim of entitlement to relief,
7  'the basic deficiency should … be exposed at the point of minimum expenditure of time
8  and money by the parties and the court'") (omission in original).

9        The Ninth Circuit has repeatedly confirmed that early dismissal on Section 230
10 grounds is appropriate where, as here, the pleadings alone foreclose any inference that a
11 defendant "materially contribut[ed] to [the] *alleged unlawfulness*" of third-party
12 content." *Gonzalez*, 2021 WL 2546675 at *13 (emphasis in original); *Dyroff v. Ultimate*
13 *Software Grp., Inc.*, 934 F.3d 1093, 1095–99 (9th Cir. 2019) (affirming dismissal under
14 Section 230 where plaintiff did not allege that website "required users to post specific
15 content, made suggestions regarding content of potential user posts, or contributed to
16 making unlawful or objectionable user posts"); *see also Morton*, 2021 WL 1181753, at
17 *3 (citing Ninth Circuit authority to dismiss claims when plaintiff "cannot allege enough
18 facts to overcome Section 230 immunity").  Similarly, where a plaintiff's pleadings
19 make clear that she cannot invoke a statutory exception to Section 230, dismissal is
20 proper.  *J.B.*, 2020 WL 4901196, at *10; *Kik Interactive*, 482 F. Supp. 3d at 1251.  The
21 few cases that Plaintiff cites where courts deferred resolution of Section 230 immunity
22 beyond the pleadings stage, Opp. at 9–10, are inapplicable because, in those cases, the
23 defendants sought to rely on information outside the pleadings or the allegations
24 themselves raised factual questions about the applicability of Section 230.  *See, e.g.*,
25 *Perfect 10, Inc. v. Google, Inc.*, 2008 WL 4217837, at *8 (C.D. Cal. July 16, 2008)
26 (defendant's arguments were "geared toward the 'merits question'" and had sought to
27 rely on "common knowledge" not contained within the pleadings); *Doctor's Assocs.*,
28

-8-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)                     CASE NO. 8:21-CV-00768-JVS-KES

*Inc. v. QIP Holders, LLC*, 2007 WL 1186026, at *2, n.3 (D. Conn. April 19, 2007) (complaint alleged under notice pleading standard that defendant "altered or was otherwise creatively involved with" the third-party content).

### III. The Breadth of Plaintiff's Discovery Requests Confirms the Need for A Stay

This District's two-part test establishes that a discovery stay is warranted here. *Quezambra*, 2019 WL 8108745, at *2 (granting stay on satisfaction of the two-part test). But the breadth of Plaintiff's discovery requests further bolsters the appropriateness of a stay.

As an initial matter, despite Plaintiff's efforts to downplay the scope of her discovery requests, Opp. at 3–4, 12, they are extraordinarily broad—and strike at the heart of activities squarely protected by Section 230. Each of these requests (among others) is directed toward the time period from "April, 22, 2011 to the present":

RFP 1: "All complaints or requests You received to **remove material** containing CSEM or concerning child sex trafficking from Your site."

RFP 2: "Documents sufficient to identify Your policies or procedures concerning the **elimination of CSEM or child sex trafficking material from Your site**, including but not limited to terms of service**, moderation policies**, and **other measures to prevent such content from being uploaded or posted**."

RFP 4: "**All Documents or communications** concerning (i) **the hiring, appointment, designation, and training of Employees to review content before or after it is uploaded or posted to Your site**; and (ii) the hiring, appointment, designation and training of Employees to moderate Your site and field complaints or requests to remove CSEM or child sex trafficking content."

RFP 5: "**All Documents and communications related to Your systems for flagging, reviewing, and removing illegal material from Your**

-9-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES

**site**, as well as your parental controls and automated detection technologies to prevent, identify, and remove CSEM and child sex trafficking content."

RFP 6: "**Any financial analyses, reports or discussion concerning the impact of the presence of illegal**, underage CSEM or child sex trafficking **content on Your site**, or of removing such content from Your site or modifying Your protocols concerning such conduct."

RFP 7: "**Documents sufficient to show how You benefit financially from individual videos and/or photographs that are displayed on Your site**, including revenues attributable to CSEM or child sex trafficking content on Your site."

These requests, by their terms, sweep in Reddit's appointment of all content moderators and sensitive financial information relating to every individual post on the platform, regardless of whether they were directly related to Child Sexual Exploitation Material or Child Sexual Abuse Material. Despite Plaintiff's counsel's current effort to disclaim the breadth of these requests, they have made no effort to narrow them. This is despite receiving notice from Reddit's counsel that the requests cover more than ten years of material, have no direct connection to the alleged events relating to Plaintiff, and cover materials squarely within the protection of Section 230. Dkt. 25-3. Specifically, RFPs 1 and 2 seek information about Reddit's activities of "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content"—all of which are protected by Section 230. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1091 (9th Cir. 2021) (citing *Barnes*, 570 F.3d at 1100–01).

Discovery about these protected activities should not proceed before Reddit's entitlement to immunity is resolved. As multiple courts have made clear, Section 230 protects entities not just against ultimate liability, but from the very burdens of discovery that Plaintiff seeks to impose here. It is no answer for Plaintiff to suggest that Reddit should respond to this "overbroad discovery" by engaging in discovery battles with

-10-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES

Plaintiff's counsel. Opp. at 12–13. Requiring Reddit to do so would embroil Reddit in the very burdens of litigation that Section 230 protects against because it would "force[] websites to face death by ten thousand duck-bites." *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008); *Dyroff*, 934 F.3d at 1095–99 (Section 230 protects platforms "not merely from ultimate liability" but from the expenses of litigation); *Ezra v. Am. Online, Inc.*, 1998 WL 896459, at *2–3 (D.N.M. July 16, 1998) (recognizing that "the congressional immunity provided by the Communications Decency Act" extends to immunity from "the burdens of broad reaching discovery"); *Morton*, 2021 WL 1181753, at *3 (noting that Section 230 is an "immunity from suit" that is "effectively lost" when the issue is not resolved "at the earliest possible stage of the case").

Nor is such broad discovery warranted because Plaintiff seeks to represent a class of "thousands of expected class members." Opp. at 12. That argument presupposes that class treatment will be appropriate—which is far from clear on the face of the complaint, given the need for individualized inquiries as to each class member's specific circumstances and Reddit's knowledge thereof. Where that is the case, class allegations cannot be used to support broad, class-wide discovery. *See, e.g.*, *Villegas v. J.P. Morgan Chase & Co.*, 2010 WL 816622, at *1 (N.D. Cal. Mar. 9, 2010) (denying class-wide discovery absent a prima facie showing that plaintiff was an adequate class representative); *O'Connor v. Uber Techs Inc.*, 2014 WL 5794323, at *2 (N.D. Cal. Nov. 6, 2014) (limiting discovery first to "discovery focused on individual class representatives" and only some "high level information"). On the contrary, the fact that Plaintiff is seeking broad discovery related to this ill-defined class weighs in favor of, and not against, a discovery stay.

### IV. Plaintiff's Assertion of Prejudice Is Unrelated to the Issuance of a Stay

Plaintiff claims that she will be prejudiced absent discovery because of the harm caused by her ex-boyfriend's alleged posting of content on Reddit's website and

-11-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)             CASE NO. 8:21-CV-00768-JVS-KES

"Reddit's failure to take action to prevent the repeated uploading" of this third-party content on its website. Opp. at 11. But none of Plaintiff's discovery requests relate to her directly—they relate to Reddit's business practices and finances. In fact, Plaintiff is proceeding in this action by a pseudonym and so far has refused to identify herself or her ex-boyfriend to Reddit's counsel. She has not provided Reddit's counsel with the ex-boyfriend's Reddit username or IP address, or links to any existing posting that should be removed. She nowhere alleges that Reddit failed to take down any post with alleged illegal content about which she notified Reddit, and she concedes that Reddit disabled her ex-boyfriend's account. Dkt. 1 ¶¶ 123–26.

Any delay resulting from a discovery stay will be minimal, even if Plaintiff's claims survive dismissal. The parties are still negotiating pre-trial deadlines and trial dates, and the Court has yet to enter any scheduling order. If Plaintiff wishes to raise timing issues in that context, she may do so. But mere concerns over the time it may take to address Section 230 and Reddit's other dismissal issues does not establish prejudice, nor may Plaintiff use discovery to try to force an "*in terrorem* increment of the settlement value" of the case. *Twombly*, 550 U.S. at 558.

Plaintiff also fails to address any of the other relevant factors that courts consider in addressing prejudice. *Amey v. Cinemark USA, Inc.*, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013). As discussed in Reddit's motion, the early posture of this litigation, the apparent breadth of the suit, and the lack of any counterclaims, crossclaims, or additional parties all weigh in favor of a stay. Mot. at 14–15. Plaintiff's failure to respond to any of these arguments amounts to a concession that they are valid. *See Reyes*, 2017 WL 11568871, at *4.

## CONCLUSION

For the foregoing reasons, the Court should order a stay of discovery pending resolution of Reddit's motion to dismiss.

-12-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES

| | |
|---|---|
| Dated: July 5, 2021 | Respectfully submitted, |
| | By: */s/ Theane Evangelis* |
| | Theane Evangelis |
| | THEANE EVANGELIS |
| | KRISTIN A. LINSLEY |
| | MICHAEL DORE |
| | GIBSON, DUNN & CRUTCHER LLP |
| | *Attorneys for Defendant Reddit, Inc.* |

-13-

Gibson, Dunn & Crutcher LLP

DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS UNDER RULE 12(b)

CASE NO. 8:21-CV-00768-JVS-KES