THEANE EVANGELIS, SBN 243570
MICHAEL H. DORE, SBN 227442
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

KRISTIN A. LINSLEY, SBN 154148
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendant Reddit, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOES NO. 1-6 AND JOHN DOES NO. 2, 3, and 5, on behalf of themselves and all others similarly situated, | CASE NO. 8:21-CV-00768-JVS-KES |
| Plaintiffs, | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT REDDIT, INC.** |
| v. | Before: Hon. James V. Selna |
| REDDIT, INC., | Hearing:  August 23, 2021 |
| Defendant. | Time:  1:30 p.m. |

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

<u>Page</u>

INTRODUCTION ................................................................................................. 1

ARGUMENT ....................................................................................................... 2

I.    Section 230 Bars Plaintiffs' Claims ............................................... 2

    A.    Plaintiffs Seek to Hold Reddit Liable as a Publisher of Third-Party Content ........................................................................... 2

    B.    Alleged Unlawful Actions of Community Moderators Cannot Be Attributed to Reddit ................................................. 5

II.    The Section 1591 TVPRA Exemption to Section 230 Does Not Apply ................................................................................. 8

    A.    The FAC Must Allege that Reddit Violated Section 1591 .............. 8

    B.    The FAC Fails to Allege that Reddit Violated Section 1591 ........ 12

    C.    The FAC Fails to Allege that Any Other Third Parties Violated Section 1591 ................................................... 14

III.    Plaintiffs Have Failed to State a Claim for Any of Their Causes of Action ................................................................... 18

    A.    The FAC Fails to Allege a Violation of Section 1595 ................. 18

    B.    The FAC Fails to Allege Violations of Distributing Child Pornography or State Sex-Trafficking Statutes ........................... 23

    C.    The FAC Fails to Allege a UCL Violation ................................... 24

    D.    The FAC Fails to Allege Unjust Enrichment Occurred ............... 24

    E.    The FAC Fails to Allege Reddit Intentionally Caused Distress ................................................................................... 25

IV.    Plaintiffs' Claims Should Be Dismissed with Prejudice ......................... 25

CONCLUSION .................................................................................................. 25

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Apple, Inc.*,
   500 F. Supp. 3d 993 (N.D. Cal. 2020)................................................................24

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................17

*Canosa v. Ziff*,
   2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) .................................................13, 14

*Caraccioli v. Facebook, Inc.*,
   167 F. Supp. 3d 1056 (N.D. Cal. 2016)...............................................................25

*Cmty. for Creative Non-Violence v. Reid*,
   490 U.S. 730 (1989)...............................................................................................7

*Corradino v. Liquidnet Holdings Inc.*,
   2021 WL 2853362 (S.D.N.Y. July 8, 2021).......................................................18

*Doe 3 v. Red Roof Inns, Inc.*,
   2020 WL 1872333 (N.D. Ga. Apr. 13, 2020)......................................................22

*Doe I v. Wal-Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009) ...............................................................................25

*Doe S.W. v. Lorain-Elyria Motel, Inc.*,
   2020 WL 1244192 (S.D. Ohio Mar. 16, 2020) ...................................................23

*Doe v. Kik Interactive, Inc.*,
   482 F. Supp. 3d 1242 (S.D. Fla. 2020).............................................9, 10, 11, 12, 13

*Dyroff v. Ultimate Software Grp., Inc.*,
   934 F.3d 1093 (9th Cir. 2019) ...............................................................................4

*F.T.C. v. Accusearch Inc.*,
   570 F.3d 1187 (10th Cir. 2009) .............................................................................7

*Fair Housing Council v. Roommates.com, LLC*,
   521 F.3d 1157 (9th Cir. 2008) (en banc).....................................................2, 3, 5, 7

*Fed. Agency of News LLC v. Facebook, Inc.*,
   432 F. Supp. 3d 1107 (N.D. Cal. 2020)................................................................5

*Fields v. Twitter, Inc.*,
   217 F. Supp. 3d 1116 (N.D. Cal. 2016), *aff'd on other grounds*,
   881 F.3d 739 (9th Cir. 2018) .................................................................................5

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019) ............................................................ 14, 22

*Gonzalez v. Google LLC*,
   2 F.4th 871 (9th Cir. 2021) ............................................................................... 4, 6

*H.H. v. G6 Hospitality, LLC*,
   2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) ..................................................... 17

*Hibbs v. Winn*,
   542 U.S. 88 (2004) ............................................................................................. 11

*Higher Balance, LLC v. Quantum Future Grp., Inc.*,
   2008 WL 5281487 (D. Or. Dec. 18, 2008) .......................................................... 6

*Igbonwa v. Facebook, Inc.*,
   2018 WL 4907632 (N.D. Cal. Oct. 9, 2018), *aff'd*,
   786 F. App'x 104 (9th Cir. 2019) ....................................................................... 25

*INS v. Cardozo-Fonseca*,
   480 U.S. 421 (1987) ........................................................................................... 11

*J. B. v. G6 Hospitality, LLC*,
   2020 WL 4901196 (N.D. Cal. Aug. 20, 2020) ................................. 12, 19, 20, 23

*Jones v. Brock*,
   549 U.S. 199 ......................................................................................................... 5

*Kimzey v. Yelp! Inc.*,
   836 F.3d 1263 (9th Cir. 2016) ........................................................................... 4, 5

*Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*,
   2013 WL 6816174 (W.D. Ark. Dec. 24, 2013) .................................................. 18

*M. L. v. Craigslist Inc.*,
   2020 WL 6434845 (W.D. Wash. Apr. 17, 2020) ............................................... 21

*M. L. v. Craigslist Inc.*,
   2020 WL 5494903 (W.D. Wash. Sept. 11, 2020) ................... 3, 4, 16, 17, 20, 21, 23

*In re Macbook Keyboard Litig.*,
   2020 WL 6047253 (N.D. Cal. Oct. 13. 2020) .................................................... 24

*Mavrix Photographs, LLC v. Livejournal, Inc.*,
   873 F.3d 1045 (9th Cir. 2017) ........................................................................... 6, 7

*Noble v. Weinstein*,
   335 F. Supp. 3d 504 (S.D.N.Y. 2018) ................................................................ 14

*Ricci v. Teamsters Union Local 456*,
   781 F.3d 25 (2d Cir. 2015) (per curiam) .............................................................. 6

*Rivers v. United States*,
   2019 WL 1959583 (S.D. Cal. May 2, 2019) ...................................................... 18

-iv-

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

*S.J. v. Choice Hotels Int'l*,
  473 F. Supp. 3d 147 (E.D.N.Y. 2020) ................................................................. 23

*Sams v. Yahoo! Inc.*,
  713 F.3d 1175 (9th Cir. 2013) .............................................................................. 5

*Schrader v. Wynn*,
  2021 WL 619376 (D. Nev. Feb. 17, 2021) ......................................................... 18

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) .............................................................................. 24

*Stevo Design, Inc. v. SBR Mktg. Ltd.*,
  919 F. Supp. 2d 1112 (D. Nev. 2013) ................................................................... 6

*Tilton v. Playboy Entm't Grp., Inc.*,
  554 F.3d 1371 (11th Cir. 2009) .......................................................................... 24

*United States v. Afyare*,
  632 F. App'x 272 (6th Cir. 2016) ....................................................................... 13

*United States v. Corley*,
  679 F. App'x 1 (2d Cir. 2017) ............................................................................ 16

*United States v. Garcia-Gonzalez*,
  714 F.3d 306 (5th Cir. 2013) .............................................................................. 16

*United States v. Haas*,
  986 F.3d 467 (4th Cir. 2021) .............................................................................. 16

*United States v. Jones*,
  847 F. App'x 28 (2d Cir. 2021) .......................................................................... 16

*United States v. Maynes*,
  880 F.3d 110 (4th Cir. 2018) .............................................................................. 15

*United States. v. Todd*,
  627 F.3d 329 (9th Cir. 2010) .............................................................................. 15

*United States v. Wearing*,
  865 F.3d 553 (7th Cir. 2017) ........................................................................ 15, 16

*Zaback v. Kellogg Sales Co.*,
  2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ..................................................... 24

**Statutes**

18 U.S.C. § 1591 ................................... 1, 2, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18 19, 25

18 U.S.C. § 1594 ............................................................................................................ 16

18 U.S.C. § 1595 ............................................... 8, 9, 10, 11, 12, 17, 19, 20, 21, 22, 23

18 U.S.C. § 2252A ......................................................................................................... 24

-v-

18 U.S.C. § 2258A ............................................................................................. 24

47 U.S.C. § 230.................................................................... 1, 2, 7, 8, 9, 10, 11, 12

Cal. Civ. Code § 1708.85 ................................................................................... 24

Cal. Penal Code § 311.1 ..................................................................................... 24

Pub. L. 106–386, 114 Stat 1464......................................................................... 17

Pub. L. 114-22, 118, 129 Stat 227 ..................................................................... 17

Pub. L. 115-164, 132 Stat. 1253 .......................................................................... 9

**Other Authorities**

164 Cong. Rec. S1860–62 .................................................................................... 9

H.R. 1865, 115th Cong. ....................................................................................... 9

H.R. Rep. No 115-572 ........................................................................................ 10

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.                                          CASE NO. 8:21-CV-00768-JVS-KES

## INTRODUCTION

This case is not complicated.  Third-party users posted allegedly illegal content depicting minor Plaintiffs, and as even Plaintiffs allege, Reddit took that content down consistent with its policy banning child sexual exploitation material.  The alleged actions by third parties who obtained explicit photographs of Plaintiffs, in most cases allegedly through a third-party social media application, may give rise to a civil claim against these third parties.  But Reddit did not create that content, nor is there any plausible allegation that Reddit facilitated what Plaintiffs erroneously call their "trafficking," in violation of the federal criminal sex trafficking statute, 18 U.S.C. § 1591.  Accordingly, Section 230 bars all of the claims in the first amended complaint.

This Court has already concluded that it is "readily apparent" that Section 230 immunizes Reddit from all of Plaintiffs' claims because allowing users to upload content to a website "is a quintessential function of a publisher under § 230."  Dkt. 35 at 5–6.  Because Reddit had no involvement in the creation or development of the third-party content at issue, Section 230 fully applies to Plaintiffs' claims.

Plaintiffs try avoid this conclusion by invoking the exemption to Section 230 enacted through FOSTA for certain sex trafficking claims where the defendant's conduct violated the federal criminal trafficking statute, 18 U.S.C. § 1591, but the Court should reject this effort because Plaintiffs do not even plausibly attempt to plead that Reddit was involved in criminal sex trafficking.  The relevant exemption to Section 230, added through the FOSTA amendment, expressly requires that the conduct underlying the claim—that is, the acts alleged against the defendant—must violate Section 1591.  47 U.S.C. § 230(e)(5)(A).  Plaintiffs have not pled facts that come close to establishing that Reddit committed such a violation—and indeed, they barely address the issue, mentioning it only in a footnote in their Opposition.  Instead, they contend—contrary to the clear text of the FOSTA exemption—that it is enough to plead that someone else violated Section 1591.  That is wrong as a matter of law, as shown below.

Apart from Section 230 immunity, Plaintiffs fail to state a claim for any of their

- 1 -

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

causes of action because, among other reasons, they fail to allege that Reddit had the knowledge or intent necessary to state a violation.

For all of these reasons, Plaintiffs' first amended complaint ("FAC") should be dismissed with prejudice. Although Plaintiffs claim they need discovery and ask for leave to amend further, neither is warranted. Courts generally deny leave to amend in Section 230 cases where, as here, it is clear that the immunity applies. And because there is not "any indication from the facts" that Plaintiffs can assert a Section 1591 violation, there is no basis for discovery on that claim either. Dkt. 35 at 8.

## ARGUMENT

### I.    Section 230 Bars Plaintiffs' Claims

#### A.    Plaintiffs Seek to Hold Reddit Liable as a Publisher of Third-Party Content

Section 230 applies to all of Plaintiffs' claims because Reddit is, undisputedly, a "provider … of an interactive computer service," and Plaintiffs seek to hold Reddit liable as a "publisher or speaker" of content created by third parties. 47 U.S.C. § 230(c)(1); Dkt. 40 ("Mot.") 5–10; Dkt. 35 at 5–6.

The Ninth Circuit has made clear that, in order for a platform to lose Section 230 immunity with respect to third-party content, the defendant must have ***materially contributed to the illegality*** of the challenged third-party content. *Fair Housing Council v. Roomates.com, LLC*, 521 F.3d 1157, 1168 (9th Cir. 2008) (en banc). In *Roomates*, the Court held that the defendant website contributed to third-party housing ads that were alleged to have violated anti-discrimination laws, because the website *required* users to enter the very search criteria that constituted the alleged violation—namely, preferences based on sexual orientation, family status, race, and similar unlawful criteria. *Id.* at 1166. Where, by contrast, the same platform offered another field that generally allowed people to describe their preferences, and people did so expressing the same types of unlawful preferences, the platform had not materially contributed to the illegality of those posts, even if it knew about them, because it did not *require* them. *Id.* at 1173–74.

- 2 -

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

Plaintiffs fail to establish that Reddit materially contributed to the illegality of the challenged third-party content at issue in this case. The primary case on which they rely in their attempt to argue that Reddit is responsible "for the creation or development" of child sexual exploitation material ("CSEM") "in whole or in part," is not instructive here. In *M. L. v. craigslist Inc.*, 2020 WL 5494903 (W.D. Wash. Sept. 11, 2020), the plaintiff alleged that craigslist's Terms of Use imposed "rules" and "guidelines" for the posting of ads in the "erotic services" section of its website, including a requirement that images be "blur[red] and crop[ped]" so as to "obscure [the victim's] age and identity." *Id.* at *1, *3–4. The plaintiff alleged that her traffickers followed these rules when posting illegal advertisements in the "erotic services" section that depicted M. L. and advertised commercial sex acts with her, and that these rules contributed to her trafficking by concealing her identity and age. *Id.* at *1–2. It was this "unique system" of paid-for "rules and guidelines" that rendered craigslist a content creator. *Id.* at *3, *6. In other words, far from providing "neutral tools," craigslist's website was *designed* to prevent detection of illegal advertisements by blurring and cropping them to prevent the detection of minors. *Id.* at *6. The court held this to be enough to show, at the pleading stage, that craigslist was "responsible, in whole or in part, for the development or creation of the unlawful advertisements which trafficked Plaintiff." *Id.* at *3.

Here, by contrast, Plaintiffs allege that third-party posts were uploaded to Reddit's generally available platform—not any specific "erotic services" or similar section—and there are no allegations suggesting that Reddit imposed specific rules designed to conceal the illegality of third-party posts. Unlike in *M. L.*, Plaintiffs do not allege that CSEM is posted on Reddit "in accordance with [its] Terms of Use." 2020 WL 5494903 at *1. On the contrary, Plaintiffs *admit* that Reddit's Content Policy expressly bans the posting of any CSEM, and that Reddit promptly took down problematic posts when called to its attention. FAC ¶¶ 3, 57.

Contrary to Plaintiffs' suggestion, *M. L.* does not hold that a website becomes an information content provider under Section 230 where it allegedly "mak[es] it easier"

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

for third parties to engage in unlawful activities. Opp. 19. Nor could it: as the Ninth Circuit has consistently explained, the relevant question is whether the website "materially contribute[s]" to "what makes the displayed content illegal or actionable," which is not satisfied where a website merely provides "neutral tools." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1099 (9th Cir. 2019) (quoting *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1269 n.4 (9th Cir. 2016)).

Plaintiffs also fail to establish that Reddit's "karma" and private messaging features are not neutral and somehow contributed to the creation of or furthered any content. *See* Opp. 19–21.[1] The FAC describes "karma" as a "rating" based on user inputs: the "total votes a user has earned on their submissions ('post karma')," and the "comments" a user has received "('comment karma')." FAC ¶¶ 41, 238.[2] As *Kimzey* explains, such an "aggregate metric," which is "based on rating inputs from third parties," is the quintessential "neutral tool." 836 F.3d at 1270. It is not "content in and of [itself]," nor does it impose rules on other third-party content that makes that third-party content illegal. *Dyroff*, 934 F.3d at 1098. Regardless of any karma a user automatically receives based on Reddit's algorithms, just like in *Gonzalez v. Google LLC*, it is the "user's *voluntary* actions" that creates any allegedly illegal content. 2 F.4th 871, 895 (9th Cir. 2021) (emphasis added) (content algorithms that did not select or require illegal content but treated all content the same did not defeat Section 230).

As for Reddit's private messaging function, it is indistinguishable from the similar function at issue in *Fields v. Twitter, Inc.*, 217 F. Supp. 3d 1116, 1127–29 (N.D. Cal. 2016), *aff'd on other grounds*, 881 F.3d 739 (9th Cir. 2018). Just as Twitter's private messaging function does, Reddit's "permits its users to send each other private, direct messages." FAC ¶ 89. Plaintiffs make no effort to argue why Reddit's private messaging function is meaningfully different from Twitter's—because it is not. And the

---

[1] Plaintiffs do not argue that the search function on Reddit's website turns it into a content creator. *See* Mot. 9, FAC ¶ 43.

[2] Plaintiffs do not allege that any user received positive karma from posts involving Plaintiffs, let alone that any such karma points were used to obtain anything of value.

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

FAC never alleges that Reddit's messaging system requires or gives preferences to the posting or transmission of CSEM or other illegal content. *Roommates*, 521 F.3d at 1175.

Additionally, although the FAC attempts to escape Section 230's bar by claiming that its claims are directed toward "Reddit taking affirmative steps independent of its publishing or editorial function to further plaintiffs' trafficking," such as the awarding of "karma" and collection of advertising revenue (Opp. 21–22), the affirmative conduct Plaintiffs point to does not transform Reddit into a content creator because this conduct did not contribute to the alleged illegality of the content at issue. *Roommates*, 521 F.3d at 1162. "[K]arma" is not an "affirmative step[]" to "reward[] users who upload child porn" (Opp. 21–22)—it is merely a "neutral tool" generated from users, akin to Yelp's star rating algorithm in *Kimzey*, 836 F.3d at 1271. And there is no support for the claim that collecting advertising and subscription revenue transforms a website into a content creator. Indeed, the opposite is true: "[T]here is no 'for-profit exception to § 230's broad grant of immunity.'" *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1119 (N.D. Cal. 2020) (citation omitted).

In sum, Plaintiffs' claims fall squarely within the scope of Section 230 because they impermissibly seek to treat Reddit as the speaker or publisher of third-party content. There is no need for a "factual record … [to] be developed" (Opp. 18 n.10)—"the 'allegations in the complaint suffice to establish'" that Section 230 applies. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Brock*, 549 U.S. 199, 215)). Courts regularly conclude that Section 230 bars claims at the motion to dismiss stage. *E.g.*, *Gonzalez*, 2 F.4th at 890; *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 27 (2d Cir. 2015) (per curiam). This Court should do the same here.

## B. Alleged Unlawful Actions of Community Moderators Cannot Be Attributed to Reddit

Under established Ninth Circuit precedent, Reddit is also not responsible for the actions of its non-employee community moderators. *Higher Balance, LLC v. Quantum Future Grp., Inc.*, 2008 WL 5281487, at *7 (D. Or. Dec. 18, 2008) ("moderators should be construed as 'other providers' and defendants should be immune from liability for

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

third-party forum posts … under the CDA"); *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1126 (D. Nev. 2013) ("'[P]assive' message boards with only occasional curation by message board moderators warrant immunity under section 230.").

Plaintiffs' attempt to argue that Reddit's "relationship" with "moderators who are also traffickers" is akin to the principal-agent relationship at common law is erroneous. Opp. 19. Here again, the cases on which Plaintiffs rely are not instructive.

In *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045 (9th Cir. 2017), the website LiveJournal "sought to exercise more control" over one of its popular communities, which hosted pictures of celebrities that allegedly violated the Digital Millennium Copyright Act. *Id.* at 1050–51. First, it "hired a then active moderator" with the intention of "tak[ing] over" the community. *Id.* at 1050. Then, at the "express direction[]" of LiveJournal, community moderators "manually review[ed] submissions and publicly post[ed]" those that met criteria approved by LiveJournal specifically for that community. *Id.* at 1054–56. Finally, a LiveJournal employee "exercise[d] control over the moderators' work schedule[s]" and users believed that the "moderators acted on behalf of LiveJournal." *Id.* at 1055. According to the court, those were the facts that gave rise to a genuine dispute as to the issue of agency: specifically, whether the moderators had actual or apparent authority, and whether LiveJournal exercised significant control over their actions. *Id.* at 1055–1056.[3]

In *F.T.C. v. Accusearch Inc.*, 570 F.3d 1187 (10th Cir. 2009), a website that advertised access to personal telephone records, including information acquired by violating the Telecommunications Act. *Id.* at 1190–91. Accusearch paid "third-party researchers" to acquire the information, which the company then sent to the user and posted on the user's account. *Id.* A "customer could know that a third-party researcher

---

[3]  *Mavrix* also involved the proper interpretation of federal *copyright* law, to which the Supreme Court has long applied traditional common law agency principles.  873 F.3d at 1053 (citing *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751 (1989)). *Mavrix* has never been applied to Section 230.

Gibson, Dunn &
Crutcher LLP

was involved in a transaction only by reading boilerplate contained on the website and in Accusearch's email correspondence," and customers were not provided with contact information for any researcher. *Id.* When the FTC sued, Accusearch asserted Section 230 immunity, claiming that another content provider—the third-party researchers—had provided the information to the end user. *Id.* at 1197.

The Tenth Circuit disagreed, but its ruling did not turn on Accusearch's relationship with the researchers under common-law agency principles. Instead, it focused on the word "responsible" in Section 230. 47 U.S.C. § 230(f)(3) ("[A]ny person or entity that is responsible … for the creation or development of information."). Drawing on *Roommates*, 521 F.3d at 1162, the court held that "one must be more than a neutral conduit for that content … to be 'responsible' for [its] development." *Accusearch*, 570 F.3d at 1198–99 ("[O]ne is not 'responsible' for the development of offensive content if one's conduct [is] neutral with respect to the offensiveness of the content (as would be the case with the typical Internet bulletin board)."). Because Accusearch "solicited requests for confidential information protected by law, paid researchers to find it, … and charged customers who wished the information to be disclosed," its actions were not "neutral" with respect to generating the illegal content. *Id.* at 1201.

The relationship between Reddit and community moderators is nothing like these cases. Unlike in *Mavrix*, the FAC does not allege that Reddit pays these moderators or controls their schedules. It does not allege that Reddit directs moderators to screen all posted material, or that users believe that moderators act on Reddit's behalf.[4] It does not even allege that Reddit is *aware* of the purported "moderators who are also traffickers" at issue in this case. And unlike in *Accusearch*, the FAC does not allege that Reddit directs moderators or any other third parties to engage in illegal activities such

---

[4] In fact, the FAC alleges that Reddit is ultimately "governed" not by moderators, but "by 'administrators,' Reddit employees" whose "primary role … is to identify and remove content that violates Reddit's Content Policy," including CSEM. FAC ¶ 44.

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

Gibson, Dunn &
Crutcher LLP

as obtaining personal records and disclosing them in violation of federal law.  Plaintiffs'
primary claim in the FAC is in fact one of "moderator negligence"—*i.e.*, that Reddit
does not provide *enough* oversight over its moderators, not that its moderators act on its
behalf.    *E.g.*,  FAC  ¶¶  106  (describing  "Reddit's  'crowdsourced'  approach  to
moderation"), 53, 108, 148, 150, 164.  Plaintiffs cannot now retreat to the other end of
the spectrum and claim that rogue moderators acted as Reddit's agents—even if that
were the applicable legal framework to apply.

## II.    The Section 1591 TVPRA Exemption to Section 230 Does Not Apply

Plaintiffs also cannot establish that their claims fall within the exemption from
Section 230 for federal sex trafficking claims under the TVPRA.  Such claims brought
under the civil remedies provision (18 U.S.C. § 1595), by the plain terms of the FOSTA
amendment, are exempt from Section 230 only to the extent a plaintiff points to conduct
*by the defendant* that violates the federal criminal trafficking statute, 18 U.S.C. § 1591.
*See* 47 U.S.C. § 230(e)(5)(A).  Plaintiffs' argument that they need not show that Reddit
violated Section 1591 is contrary to the plain text of the statute.  *See* Opp. 6–8.  To the
extent the text leaves any question open (it does not), the legislative history makes
crystal clear that the language referring to the need for the conduct underlying the claim
to violate the criminal trafficking statute was to target platforms, such as Backpage.com,
that intentionally violated the federal sex trafficking laws—and to ensure that liability
would *not* be imposed on websites that did not themselves violate the criminal statute.

### A.    The FAC Must Allege that Reddit Violated Section 1591

FOSTA created a narrow exemption to Section 230 for "any claim in a civil action
brought under section 1595 of Title 18, *if the conduct underlying the claim constitutes a
violation of section 1591 of that title*."  47 U.S.C. § 230(e)(5)(A) (emphasis added).  By
its terms, this exemption applies only if a plaintiff bringing a civil action alleges conduct
by the defendant that constitutes a violation of Section 1591.  That is because the
exemption applies to "any claim brought under section 1595 … if the conduct underlying
*the claim*," meaning the claim against the defendant, violates § 1591.  Because "[t]he

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

plain language of [47 U.S.C. § 230(e)(5)(A)] removes immunity only for conduct that violates 18 U.S.C. § 1591," Plaintiffs must "allege[] facts that would plausibly establish that Defendant[] knowingly participated in the sex trafficking venture involving [them]" to "satisfy FOSTA's requirement that the conduct underlying the claim violate 18 U.S.C. § 1591." *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1249, 1251 (S.D. Fla. 2020).

The legislative history of FOSTA confirms this reading of the statute.  As initially proposed, FOSTA would have exempted from Section 230 all civil TVPRA claims "or any other federal or state law providing causes of action, restitution, or other civil remedies" to sex trafficking victims.  RJN, Ex. A (H.R. 1865, 115th Cong. § 3(a)(5) (as introduced in the House, Apr. 3, 2017)).  A later version struck any mention of civil claims.  *Id.*, Ex. B (H.R. 1865, 115th Cong § 4 (as reported to the House, Feb. 20, 2018)). What Congress ultimately enacted was a compromise with a limited Section 230 exemption for civil TVPRA claims only if "the conduct underlying the claim constitutes a violation of [18 U.S.C. §] 1591." *Id.*, Ex. C (Pub. L. 115-164 § 4(a), 132 Stat. 1253). This "narrow exception" to Section 230 was only intended to reach "openly malicious actors such as Backpage where it was plausible for a plaintiff to allege actual knowledge and overt participation" by the platform. *Kik*, 482 F. Supp. 3d at 1250–51 & n.6 (citing 164 Cong. Rec. S1860–62; H.R. Rep. No 115-572, at 5); *see* RJN, Ex. D, S1860 (statement of Sen. Durbin) (describing SESTA as a "narrowly crafted bill" targeted at websites that "knowingly facilitate sex trafficking").

A similar narrowing occurred in SESTA, a sex-trafficking bill introduced in the Senate that was combined with FOSTA to create the bill that ultimately became law.  The original version of SESTA added an exemption to Section 230 stating that "[n]othing in this section shall be construed to impair the enforcement or limit the application of section 1595 of title 18, United States Code.'' RJN, Ex. F (S. 1693, 115th Cong. § 3 (as introduced in the Senate, Aug. 1, 2017)).  Commentators raised concerns that this language "would expose Internet services to countless new enforcement actions by state law enforcement and civil plaintiffs."  RJN, Ex. G (*The Stop Enabling Sex Traffickers Act*

- 9 -

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

*of 2017: Hearing on S. 1693 Before the S. Comm. on Commerce, Science, & Transportation*, S. Hrg. 115–590 (2017), at 24 (statement of E. Goldman, Professor of Law); *see also id.* at 36 (statement of Abigail Slater, General Counsel, Internet Association) (a "tailored amendment that ensures civil suits [are] brought against online actors that acted *with knowledge and intent*") (emphasis added)).  The version of SESTA that was ultimately reported in the Senate contains the same language that became law, limiting the exemption to Section 230 to claims where "the conduct underlying the claim constitutes a violation of section 1591 of that title."  RJN, Ex. H (S. 1693, 115th Cong. § 3 (as reported in the Senate, Jan. 10, 2018)).

By contrast, Plaintiffs' interpretation of Section 230(e)(5)(A) would read the "violation of section 1591" limitation out of the statute.  Section 1595 creates a claim against a perpetrator or someone who knowingly benefits from participation in a venture that he or she knew or should have known "engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a).  Thus, to state ***any claim*** under Section 1595, there must be an allegation that a violation of Section 1591 (or another provision of the TVPRA) occurred, whether by third parties or the defendant.  Plaintiffs' interpretation of the "narrow exception" (*Kik*, 482 F. Supp. 3d at 1250) in Section 230(e)(5)(A) would effectively exempt all Section 1595 claims from Section 230, because they would need to allege only that someone else violated Section 1591, which is the same showing needed for any Section 1595 claim.  This interpretation is at odds with the plain language of the FOSTA amendment and its legislative history.  And because it would read the "violation of section 1591" limitation out of the statute, it would violate the rule that a statute "should be construed so that effect is given to all its provisions." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citation omitted).

Plaintiffs' other arguments are meritless.  They argue that the "conduct underlying" a claim exempt from Section 230 can be a third party's violation because Section 1595 authorizes claims against both "the perpetrator" and "whoever knowingly benefits" from participating in such a venture.  Opp. 7 (citing 18 U.S.C. § 1595(a)).  But Plaintiffs focus

- 10 -

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

on the wrong statute.  The question is not what claims are generally authorized by Section 1595; it is how to interpret the narrow immunity that Congress carved out from Section 230 for certain sex-trafficking claims.  Again, the plain text, legislative history, and *Kik* make clear that it must be the defendant's conduct ***that violated Section 1591***.

Plaintiffs insist that Reddit's argument "would 'impair or limit' the enforcement of §1595's civil remedy, precisely the opposite of what the statute directs."  Opp. 7.  But that is not what the statute directs.  Rather, the statute states that Section 230 should not "impair or limit" a Section 1595 claim ***only to the extent*** that the "conduct underlying the claim" violates Section 1591.  47 U.S.C. § 230(e)(5)(A).  "Had Congress intended to revoke CDA immunity for all claims involving sex trafficking on websites (as argued by Plaintiff), it could have done so; but it did not."  *Kik*, 482 F. Supp. 3d at 1249.  In fact, Congress included such provisions in earlier versions of FOSTA and SESTA (see *supra* p. 9) only to remove them later.  "Few principles of statutory construction are more compelling than the proposition that Congress does not intend sub silentio to enact statutory language that it has earlier discarded in favor of other language."  *INS v. Cardozo-Fonseca*, 480 U.S. 421, 442–43 (1987) (citation omitted).

Plaintiffs' theory "that a §1595 plaintiff need not prove that all defendants be individually criminally liable under §1591" is likewise erroneous.  Opp. 7 & n.1.  The only cases they cite for this proposition involve claims against hotels (or their insurers)— where neither Section 230 nor the FOSTA amendment were at issue.  *See Kik*, 482 F. Supp. 3d at 1250 ("[B]ecause the hotel defendants were not interactive computer service providers, neither FOSTA nor CDA immunity were considered" in those cases).  Just as the court held in *Kik*, this case "presents a different scenario, because Congress—in balancing the needs of protecting children and encouraging 'robust Internet communication'—enacted a statute protecting interactive computer service providers from liability for their users' content and conduct."  *Id.*

Plaintiffs argue that *Kik* does not suggest a different standard applies when Section 230 immunity is at issue because it held only that the plaintiff had to meet both the Section

- 11 -

1591 and 1595 pleading standards because she alleged violations of both.  Opp. 7.  This argument badly misreads *Kik*.  The *Kik* court squarely addressed "the level of *mens rea* a defendant must possess for a claim under FOSTA to overcome CDA immunity," and held that the answer is "knowing and active participation in sex trafficking by the defendants"—*i.e.*, a Section 1591 violation.  482 F. Supp. 3d at 1249, 1251.

Plaintiffs also argue that "district courts have not followed *Kik*'s approach."  Opp. 7.  But the only case they cite is *J. B. v. G6 Hospitality, LLC*, 2020 WL 4901196 (N.D. Cal. Aug. 20, 2020), which was decided *before Kik*.  And in any event, that case did not squarely address whether a plaintiff must allege that the defendant violated Section 1591, because the Court found that plaintiffs did not even plead a Section 1595 claim at all, so it did not reach the Section 1591 issue.  *Id*. at *10.[5]

## B.    The FAC Fails to Allege that Reddit Violated Section 1591

This Court previously concluded that it "does not see any indication from the facts alleged that Plaintiffs would be able to state a claim under § 1591."  Dkt. 35 at 8.  Nothing in Plaintiffs' Opposition provides a basis to alter that conclusion.

The FAC does not allege conduct by Reddit that violated Section 1591.  To allege a Section 1591 violation, Plaintiffs must plausibly allege that Reddit (1) knowingly assisted, supported, or facilitated a violation of subsection (a)(1), meaning a primary trafficking offense consisting of recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting a person; (2) shared the criminal intent of the primary violator, in that Reddit knew the victim was under 18 and would "be caused to engage in a commercial sex act"; and (3) knowingly benefitted from that knowing assistance, support or facilitation.  18 U.S.C. § 1591(a) & (e)(4).

Plaintiffs do not—and cannot—allege any of these elements as to Reddit.

*First*, they fail to show that Reddit knowingly assisted, supported, or facilitated a violation of subsection (a)(1).  *See Kik*, 482 F. Supp. 3d at 1251 (Section 1591 "requires

---

[5]  To the extent *J. B.* noted that FOSTA excludes from Section 230 "any claim" brought under Section 1595, Reddit respectfully disagrees with that observation, which is dicta and contrary to the text of 47 U.S.C. § 230(e)(5)(A).

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.                                          CASE NO. 8:21-CV-00768-JVS-KES

knowing and active participation in sex trafficking"). Plaintiffs cite allegations in the FAC charging Reddit with "overt acts" such as highlighting popular subreddits for advertisers and placing advertisements on subreddits where images of Plaintiffs were posted. Opp. 7–8 n.2. Section 1591(a)(2), however, "targets those" who "actually participated *in a sex-trafficking venture*," not those who, for instance, merely receive "financial sponsorship" connected to sex trafficking. *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016).

And the FAC does not, and cannot, allege that Reddit took any action to facilitate any specific acts with respect to these Plaintiffs, much less to facilitate trafficking of these Plaintiffs—as the plain text of Section 1591(a)(1) and (e)(4) expressly require. It is not enough to allege, as Plaintiffs do, that Reddit did not do enough to promptly remove their images or police third-party moderators. Opp. 7–8 n.2. Section 1591 does not "criminalize a defendant's 'mere negative acquiescence.'" *Afyare*, 632 F. App'x at 286.[6]

*Second*, Plaintiffs do not allege that Reddit had shared the criminal intent that Plaintiffs would be "caused to engage" in a commercial sex act. *See* Opp. 7–8 n.2. That alone defeats their Section 1591 claim.

*Third*, plaintiffs fail to establish that Reddit knowingly benefitted from purported assistance, support or facilitation. Plaintiffs merely rehash their general allegation that "Reddit benefits from distributing child porn." Opp. 7–8 n.2. But "there must be a causal relationship between the alleged benefit," and the defendant's knowing assistance, support, or facilitation of a violation of subsection (a)(1). *Geiss v. Weinstein Co. Holdings*

---

[6]  Plaintiffs cite *Canosa v. Ziff*, 2019 WL 498865 (S.D.N.Y. Jan. 28, 2019), one of the cases against Harvey Weinstein and his affiliates, for the proposition that a "pattern of facilitation and cover-up" can establish a Section 1591 violation. Opp. 7–8 n.2. But Plaintiffs' theory here—that Reddit failed to do enough to take down public images—is the opposite of a "cover-up." In any event, the facts of *Canosa* are nothing like those here, as the plaintiff there alleged that Weinstein's companies and their employees "actively participated in the recruitment and enticement of women," "promise[d]" production deals," "gave Weinstein the medications he required to perform sexual acts," and "cleaned up after his sexual assaults." *Canosa*, 2019 WL 498865, at *23. The generalized allegations in this case are worlds away from the facts in *Canosa*.

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

*LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019); *see also* 18 U.S.C. § 1591(e)(4).  The plaintiff must show "affirmative conduct furthering the sex-trafficking venture and receipt of a benefit, with actual or … constructive knowledge of that causal relationship." *Geiss*, 383 F. Supp. 3d at 169.  Here, the FAC fails to allege "affirmative conduct furthering the sex-trafficking venture" by Reddit, much less that any purported benefits were "link[ed]" to those actions.  *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (allegations that Weinstein's brother benefitted from Weinstein's business activities insufficient to allege knowing benefit).  The only benefits Plaintiffs identify are increased website traffic and advertiser revenue (Opp. 7–8 n.2), which are not tethered to any "affirmative conduct" of Reddit, much less "knowingly assisting, supporting, or facilitating" a primary sex trafficking venture, and much less with knowledge of the circumstances of the specific victim.

### C.   The FAC Fails to Allege that Any Other Third Parties Violated Section 1591

Even if Plaintiffs could satisfy the FOSTA exemption to Section 230 by showing that *other third parties* violated Section 1591 (they cannot), Plaintiffs' claims still fail because the third-party conduct they allege does not violate Section 1591.

Plaintiffs' theory that posting photos of alleged child pornography or amplifying content, in and of itself, constitutes sex trafficking (Opp. 8–9), finds no support in the text of Section 1591 or the cases interpreting it.  Section 1591 proscribes knowingly taking one of the enumerated actions (recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting) while, as relevant here, knowing the person is under 18 and "will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1).  The phrase "will be caused to engage in a commercial sex act" "describes the act that the defendant intends to take—that is, that he means to 'cause' the minor to engage in commercial sex acts." *United States v. Wearing*, 865 F.3d 553, 556 (7th Cir. 2017).  In short, the use of the words "knowing … the person … will be caused to engage in a commercial sex act" refers to "the defendant's plan for the victim at the time he recruits her." *Id.*; *see also United States v. Maynes*, 880 F.3d 110, 114 (4th Cir.

- 14 -

2018) ("The crime is complete when the defendant recruits, entices, harbors, etc., the victim with knowledge that the prohibited means *will be used in the future* to cause them to engage in commercial sex acts.") (emphasis added).[7]

The problem with Plaintiffs' theory that child pornography constitutes sex trafficking is that they do not and cannot allege that the third parties who posted the images had knowledge that Plaintiffs or their daughers "will be caused" to engage in a future commercial sex act—or that Plaintiffs were in fact caused to do so. Plaintiffs argue that they "plead[] the traffickers' knowledge" at the time the content was posted, (Opp. 10–11), but their allegations are that the posters could identify the Plaintiffs (and presumably that they were under 18), not that the posters had the intent to cause them to engage in future commercial sex acts. *See* FAC ¶¶ 145, 157, 176, 204, 214, 224.

The cases Plaintiffs cite on this point (Opp. 8), involve situations where an image posted online was considered one of the predicate acts in Section 1591 (providing, advertising, etc.) because the content was intended to facilitate a future in-person meetup where a commercial sex act would occur. *See M. L.*, 2020 WL 5494903, at *2 ("traffickers would use craigslist to post advertisements and photographs of Plaintiff to solicit commercial sex purchases"); *United States v. Corley*, 679 F. App'x 1, 7 (2d Cir. 2017) (defendant took minors "to an apartment[ and] took pictures that he said he would use to advertise their sexual services"); *United States v. Jones*, 847 F. App'x 28, 30 (2d Cir. 2021) (defendant and co-conspirator "placed advertisements soliciting clients for his victims"). The only other case they cite, *United States v. Haas*, 986 F.3d 467, 472 (4th Cir. 2021), is even further afield. It involved a prosecution under the attempt section of the TVPRA, 18 U.S.C. § 1594, where an informant explained to the defendant that she "had children that she could bring down from Baltimore for [defendant] to photograph and … engage in sexual things with," and he expressed interest. 986 F.3d at 472.

---

[7] It makes no difference that *United States. v. Todd*, 627 F.3d 329, 333–34 (9th Cir. 2010) involved used of force and did not involve a minor (Opp. 11 n.6); Section 1591 speaks in the future tense in both situations, meaning it envisions a future sex act resulting from the predicate acts (harboring, enticing, etc.) taken by the trafficker.

Here, by contrast, the FAC does not allege content that was posted on Reddit was *for the purpose of causing Plaintiffs to engage in a future commercial sex act*.  Plaintiffs argue that the posters sought "exposure" for the content that they posted (Opp. 8), but increasing the number of people who saw the content does not transform it into content intended to cause Plaintiffs to engage in future sex acts.  Similarly, Plaintiffs argue that the posts of them included their social media names, which "encourag[ed]" a barrage of friend requests from other third parties.  Opp. 8.  This theory—that identifying a handle will encourage requests which could lead to requests for sex acts to be performed—is far too attenuated to establish intent under a criminal statute.  Listing a user's social media handle on a photo is worlds away from cases where courts have found that the "will be caused" element of the federal criminal sex trafficking statute was met because the trafficker took all of the steps to bring about a future commercial sex act.  *See, e.g.*, *Wearing*, 865 F.3d at 555 (defendant "completed every step necessary to bring about a commercial sex transaction … at the hotel"); *United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013) (defendant "told them how much to charge for sex" and "arranged the sexual encounters").

Plaintiffs' response that they used the words "trafficking victims" in the FAC (*see* Opp. 8) is wholly insufficient to plead a Section 1591 violation; it is elementary that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The cases Plaintiffs cite also do not establish that this conclusory allegation is sufficient.  *See* Opp. 8.  In *H.H. v. G6 Hospitality, LLC*, 2019 WL 6682152, at *2 (S.D. Ohio Dec. 6, 2019), a case against hotels, the plaintiff clearly alleged that she was forced into commercial sex by a third party (not the hotels)—allegations that plainly would state a Section 1591 claim *against those third parties*.  The court simply held that, under Section 1595(a), it was not necessary to allege that *the defendants—i.e., the hotels—*violated

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

Section 1591, because Section 1595 "can be a standalone claim."  The same was true in *M. L.*, where the plaintiff clearly alleged sex trafficking but did not assert a Section 1591 violation against the defendant.  2020 WL 5494903, at \*4.

Plaintiffs' argument that the words "patronizes," "solicits," and "advertises" were added to the TVPRA in 2018 "so that the law would extend to conduct at issue here" (Opp. 8) is inaccurate.  These words were added to the statute in 2015, Pub. L. 114-22 § 108, 118, 129 Stat 227, and the legislative history Plaintiffs cite about the general expansion of the sex industry is from the original TVPRA passed in 2000—years before Reddit even existed.  *See* Pub. L. 106–386 § 102(b)(2), 114 Stat 1464.  In any event, the addition of these additional predicate actions does not change the bottom line: the content posted on Reddit does not violate Section 1591 because it was not for the purpose of trying to get Plaintiffs or their daughters to engage in future commercial sex acts.

Plaintiffs' argument that third parties violated Section 1591 claims fails for other reasons as well.  They allege that the requirement that the person knew the victim was under 18 is met here because the third parties who posted Plaintiffs' images "had a reasonable opportunity to observe" Plaintiffs because they were "clearly identifiable in the posted media."  Opp. 9, citing 18 U.S.C. § 1591(c).  But viewing an image of a person online may not constitute a "reasonable opportunity to observe," as courts (including the two cases Plaintiffs cite) have generally applied that standard in the context of in-person meetings.  Opp. 9; *see also Rivers v. United States*, 2019 WL 1959583, at \*3 (S.D. Cal. May 2, 2019) (collecting cases).  And although some online interactions may create a reasonable opportunity to observe (*e.g.*, a video meetup), all that is alleged in the FAC is that, for instance, one plaintiff was allegedly identifiable "either because her face appears in the photos or because they include her social media username."  FAC ¶ 145; *see also id.* ¶ 203 (plaintiff's daughter's "face appears in some of these photos"); ¶ 225 (no allegation plaintiff identifiable).  That Plaintiffs' faces did not even appear in some of the photos here does not show a "reasonable opportunity to observe."

There was also no "commercial sex act" in this case.  That term is defined as "any

sex act on account of which anything of value is given to or received by any person." 18 U.S.C. §1591(e)(3).  "[T]he use of the phrase 'on account of which' suggests that there … needs to be a causal relationship between the sex act and an exchange of an item of value."  *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013).  Plaintiffs read this limitation out of the statute, arguing that Reddit users' viewing of child pornography—which creates "'anything of value' (to them)"—is sufficient to transform the content at issue into a commercial sex act.  Opp. 10.  But "[s]etting aside whether [the content posted] amounts to a 'sex act,' there is no indication that such acts were commercial, meaning in exchange *for something of value*."  *Corradino v. Liquidnet Holdings Inc.*, 2021 WL 2853362, at *3 (S.D.N.Y. July 8, 2021).  There was no "quid pro quo," for instance.  *Kolbek*, 2013 WL 6816174, at *16; *see also Schrader v. Wynn*, 2021 WL 619376, at *7 (D. Nev. Feb. 17, 2021) (no commercial sex act where massage therapist sexually assaulted but no "plausible allegations that anything of value was exchanged").  Plaintiffs suggest that the purported sex act itself is the item of value, but the statute envisions two separate actions: a sex act and "anything of value" given or received "on account of" that sex act.  Thus, the posting of child pornography, in and of itself, does not constitute a *commercial* sex act because there was nothing of value given or received on account of that act.

## III.   Plaintiffs Have Failed to State a Claim for Any of Their Causes of Action

### A.   The FAC Fails to Allege a Violation of Section 1595

Plaintiffs spend much of their Opposition arguing that they state a claim under Section 1595, which has a lower intent requirement than Section 1591.  Opp. 11–18.  But as explained above, the broader Section 1595 claim is barred by Section 230 because Plaintiffs cannot satisfy the FOSTA exemption unless the conduct underlying their Section 1595 claims—*i.e.*, Reddit's conduct—violated Section 1591.  *See supra* p. 9–12.  But even if this Court were to evaluate whether Plaintiffs state a claim solely under Section 1595, Plaintiffs' allegations are still insufficient.

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

*Participation in a Venture*—Plaintiffs cannot establish that Reddit knowingly participated in a venture that it knew committed a violation of Section 1591(a).  As the *J. B.* court explained, participation under Section 1595 requires, at a minimum, Plaintiffs to allege "direct association" between a trafficker and a defendant or "a continuous business relationship between [them] such that it would appear that the trafficker and the defendant have established a pattern of conduct or could be said to have a tacit agreement." *J. B.*, 2020 WL 4901196, at *9.

The Court already determined that Plaintiffs failed to make this showing (Dkt. 35 at 7–8), and the Opposition does not require the Court revisit this conclusion.  Plaintiffs allege that Reddit participated in a sex-trafficking venture on account of its "continuous willingness to maintain child porn even after users sent takedown requests."  Opp. 12.  But the alleged failure to adequately respond to takedown requests does not create a "direct association," "continued business relationship," or "pattern of conduct" between the third-party posters and Reddit.  *J. B.*, 2020 WL 4901196, at *9.  In fact, it does not create a relationship between them at all.

Under Plaintiffs' theory, any time a social media platform allegedly does not respond adequately to a takedown request, that creates a sex-trafficking venture between the third-poster and Reddit.  This "would mean that all web-based communications platforms have a legal duty to inspect every single user-generated message before it is communicated to a single person or displayed to the public, lest such platforms be deemed to have participated in the venture."  Dkt. 35 at 7–8 (quoting *J. B.*, 2020 WL 4901196, at *9).  Plaintiffs claim they are not asserting Reddit entered into a venture with every user—only those relevant to their claims.  Opp. 15.  But under that theory, any plaintiff could claim that Reddit entered into a venture with any Reddit user on account of material posted on its website—an assertion that would create enormous burdens for platforms like Reddit to try to monitor content.  "[T]here is no indication that Congress intended to create such a duty, or that it would be reasonable in light of the volume of posts generated by third parties daily."  *J. B.*, 2020 WL 4901196, at *9.

Gibson, Dunn &
Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

For Reddit, that would mean monitoring posts of over 52 million daily active users who contributed 303.4 million posts and two billion comments last year alone.  FAC ¶ 36.

Plaintiffs argue that *M. L.*, not *J. B.*, should control here.  Opp. 13–14.  But the facts of *M. L.* are distinguishable.  The traffickers there held plaintiff at a hotel for over a year while they "use[d] craigslist to post advertisements and photographs ***of Plaintiff*** to solicit commercial sex purchases."  *M. L.*, 2020 WL 5494903, at *1, *2 (emphasis added).  In finding the plaintiffs stated a claim under Section 1595 against craigslist, the court relied heavily on allegations that (1) "traffickers would pay a fee to craigslist so that the advertisement could be displayed in the 'erotic services' section of the website," (2) craigslist's Terms of Use and "rules" required images in its "erotic services" section to be blurred and cropped, allowing posters to "obscure [a victim's] age and identity" and thus facilitate her trafficking, presumably by preventing detection of the fact that she was a minor, and (3) craigslist's messaging system facilitated "anonymous communications between sex purchasers and traffickers," allowing traffickers to "evade law enforcement."  *M. L.*, 2020 WL 5494903, at *1, *3.

Nothing like that is alleged here.  Reddit does not impose rules that require posters to blur or crop images, as evidenced by Plaintiffs' allegations that they or their daughters were identifiable (FAC ¶¶ 145, 156, 176, 214),[8] nor do its rules require or encourage trafficking in any other way.  And it does not have an "erotic services" section for which it charges a fee and imposes such rules.  Although Reddit offers a messaging system, there is no allegation that it requires or encourages uses of that system for sex trafficking, as opposed to offering it for communications generally.  And although Plaintiffs allege that users send messages regarding "how to access" CSEM, including links to those

---

[8]  Plaintiffs admit that any blurred images may be seen because "unblurred images are easily viewable by clicking on the photos to view the content."  FAC ¶ 238.

*(Cont'd on next page)*

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.                                    CASE NO. 8:21-CV-00768-JVS-KES

images (FAC ¶ 89), sharing links to publicly-available information is not evading law enforcement.[9]

Plaintiffs try to recast their allegations in the FAC to suggest Reddit had a "tacit relationship" with the third parties who posted images of Plaintiffs. Opp. 14. But the underlying allegations say no such thing. Although Plaintiffs argue in their Opposition that Reddit "assured traffickers" that over 99% of takedown requests were not actionable, thereby "making sure that traffickers know Reddit is a safe haven for objectionable content like child porn" (Opp. 14, citing FAC ¶ 107), the FAC says nothing of the kind. The paragraph in question cites a June 2020 post from an administrator to the announcement subreddit noting that changes would be coming to Reddit's content policy to address racial hatred on the site. FAC ¶ 107 (citing https://www.reddit.com/r/announcements/    comments/gxas21/upcoming_changes_t). The same administrator noted in a comment to that thread that more than 99% of reports about alleged moderator abuse are unfounded because they are "from people who undeniably broke rules, got banned, and held a grudge." This comment has nothing to do with alleged child pornography on Reddit or takedown requests, and the statistic cited by Plaintiffs is offered to explain that nearly all complaints of moderator abuse came from disgruntled blocked users.

As another example, Plaintiffs argue that Reddit benefited from "advertising revenue tied to child porn featuring" Plaintiffs or their daughters (Opp. 13, citing FAC ¶ 235), but that paragraph of the FAC alleges only that Reddit "placed advertisements" on "one or more" subreddits "that have also" included images of Plaintiffs or their daughters. FAC ¶ 235. There is no allegation—nor could there be—that the ads were "tied to" images of Plaintiffs or their daughters.

---

[9] If there is tension between *J. B.* and *M. L.*, *J. B.* is better reasoned. The report and recommendation in *M. L.* predated *J. B.*, and found in one paragraph that plaintiffs pled a Section 1595 claim. *M. L. v. Craigslist Inc.*, 2020 WL 6434845, at *18 (W.D. Wash. Apr. 17, 2020). Judge Settle declined to review craigslist's objections to the report's conclusion that craigslist participated in a venture. *M. L.*, 2020 WL 5494903, at *6.

Beyond these revised allegations, Plaintiffs offer a laundry list of actions that, in their view, Reddit should have taken to further combat child pornography on its site. Opp. 14. But allegations of negligence are insufficient to plead that Reddit participated in a sex-trafficking venture. Ultimately, Plaintiffs seek to hold Reddit liable where third parties posted the photographs in question, and, as to four of the Plaintiffs, obtained those images from a different third party. *See* Mot. 4. There is no allegation that Reddit took any affirmative act to further the creation or distribution of this content, which means that it did not participate in a sex-trafficking venture.

*Knowing Benefit*—Plaintiffs also cannot allege a knowing benefit from participation in a sex-trafficking venture under Section 1595. *See Geiss*, 383 F. Supp. 3d at 169; *Doe 3 v. Red Roof Inns, Inc.*, 2020 WL 1872333, at \*3 (N.D. Ga. Apr. 13, 2020). Again, Plaintiffs point to Reddit's general revenue, such as advertising, ad-free memberships, and monetization of user data. Opp. 11. But they do not allege that Reddit knew that these generalized revenue streams somehow resulted from Reddit's participation in a sex-trafficking venture. Although Plaintiffs repeat their misleading argument that advertising revenue was "tied to" images of Plaintiffs in an effort to make this case seem like *M. L.* (Opp. 12), they fail to note that in *M. L.*, unlike here, craigslist was charging a fee specifically for posts in the erotic services section where it required blurring and cropping of images that obscured the age and identity of the victims and was alleged to have facilitated plaintiffs' trafficking. 2020 WL 5494903, at \*1.

*Knew or Should Have Known*—Section 1595 requires that Reddit "knew or should have known" that it was engaged in a sex-trafficking venture. Because Section 1595 "speaks in singular terms," Plaintiffs must allege that Reddit had knowledge of their purported trafficking. *S.J. v. Choice Hotels Int'l*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020). Plaintiffs cite to *J. B.* (via *M. L.*) to argue that this "misstates" the legal standard. Opp. 17. But *J. B.* did not decide this issue. The court was "not sure" whether it agreed that knowledge must be victim-specific for Section 1595 purposes and

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

found it "need not decide this question now" because plaintiff failed to "plausibly plead Craigslist's participation in any venture at all." 2020 WL 4901196, at *9 n.3.

Plaintiffs' general allegations that Reddit was "made aware" of CSEM on its site (Opp. 16) cannot establish knowledge. Mot. 19 (collecting cases). *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020) is different because, in addition to online complaints, there were substantial allegations of indicia of trafficking at the hotel, including "obvious signs of human trafficking (bruises and physical deterioration)" and various "indicators of commercial sex activity." *Id.* at *5.

Plaintiffs' argument that Reddit knew of their situations (Opp. 18), also is wrong, because allegations that Plaintiffs' or their daughters' images were posted on a particular subreddit or that advertisements were run on subreddits showing Plaintiffs or their daughters (*id.*) do not show knowledge. And complaints to moderators, who are not Reddit employees, certainly do not establish *Reddit's* knowledge. Nor do complaints to Reddit that Plaintiffs allegedly were depicted in child pornography (*id.*) establish that Reddit knew or should have known that it was benefitting from a criminal sex-trafficking venture because the posting of images alone does not constitute sex trafficking. *See supra* p. 15–16.

## B. The FAC Fails to Allege Violations of Distributing Child Pornography or State Sex-Trafficking Statutes

Plaintiffs concede that there is no private right of action for their second claim, violation of 18 U.S.C. § 2258A. *See* Dkt. 35 at 6; Opp. 23. As for their claims under 18 U.S.C. § 2252A, Plaintiffs must allege that Reddit knew the content was child pornography "at the time" of receipt or distribution. *Tilton v. Playboy Entm't Grp., Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009); *see* Mot. 20. Plaintiffs' argument (Opp. 23) that Reddit learned about the existence of child pornography from press reports and user complaints ***after*** posts were made is insufficient to establish intent.

Plaintiffs' claim under Cal. Civ. Code § 1708.85 fails for the same reason— Reddit did not "intentionally distribute" any child pornography. And while Plaintiffs

Gibson, Dunn & Crutcher LLP

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANT REDDIT, INC.

CASE NO. 8:21-CV-00768-JVS-KES

maintain that some of their photos were uploaded directly to Reddit, others were posted to different websites first, which precludes a claim as to those posts.  Mot. 21.[10]

### C.  The FAC Fails to Allege a UCL Violation

Plaintiffs fail to plead that they lack an adequate remedy at law (Mot. 21), so their UCL claim should be dismissed.  *See, e.g.*, *Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (dismissing claims for equitable relief under *Sonner* because the "FAC does not allege an inadequate legal remedy").  Plaintiffs may not "assert a claim for equitable restitution under the UCL in the alternative" (Opp. 24), because after *Sonner*, Plaintiffs must establish that they lack an adequate remedy at law at the pleading stage.  *Anderson v. Apple, Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020); *In re Macbook Keyboard Litig.*, 2020 WL 6047253, at *2 (N.D. Cal. Oct. 13. 2020) (after *Sonner*, "this is not an election of remedies issue").  Similarly, their argument that equitable restitution "may be broader" is unpersuasive because Plaintiffs "fail[] to explain how damages are any less prompt, certain, or efficient than restitution." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 n.8 (9th Cir. 2020).

Plaintiffs also fail to allege any fraudulent, unlawful, or unfair business practices. They argue that "Reddit deceptively claims to combat child porn on its website" when it actually "encourages and supports child porn for its own profit," Opp. 24.  The only support for that argument, however, are allegations that Reddit could have implemented PhotoDNA scanning more quickly than it did.  *See* Opp. 24 (citing FAC ¶¶ 121–23); FAC ¶ 281.  That does not constitute a fraudulent, unlawful, or unfair business practice.

### D.  The FAC Fails to Allege Unjust Enrichment Occurred

Plaintiffs cannot allege that they conferred a benefit upon Reddit because the posting of the posting of child pornography on Reddit *harms* the company.  Mot. 24.  In any event, the link between Plaintiffs and the alleged benefit here—advertising

---

[10] Plaintiffs state sex-trafficking claim also fail on the merits.  *See* Mot. 22–23. Although one of the predicate penal code provisions under the California statute deals with child pornography, Cal. Penal Code § 311.1, Plaintiffs have not alleged the elements necessary to invoke the civil remedy of this provision.  Mot. 22.

- 24 -

revenue—"is simply too attenuated." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 685 (9th Cir. 2009).  Plaintiffs allegedly provided photos to third parties (who, in some cases, provided those photos to other third parties) which were then uploaded to Reddit which then purportedly benefitted from the existence of this conduct.

### E.   The FAC Fails to Allege Reddit Intentionally Caused Distress

Plaintiffs argue that Reddit disregarded requests to take down images featuring them.  Opp. 25.  As a matter of law, this allegation is insufficient to sustain an IIED claim because there is no allegation of intent.  *See, e.g.*, *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1063 (N.D. Cal. 2016) (granting motion to dismiss IIED claim against Facebook because the claim "require[s] intent").

## IV.   Plaintiffs' Claims Should Be Dismissed with Prejudice

The Court should not give Plaintiffs another opportunity to amend because their claims "fall squarely within the CDA's immunity provision, as a matter of law, and cannot be cured by amendment," *Igbonwa v. Facebook, Inc.*, 2018 WL 4907632, at *7 (N.D. Cal. Oct. 9, 2018), *aff'd*, 786 F. App'x 104 (9th Cir. 2019), and there is no "indication" Plaintiffs "would be able to" state a Section 1591 claim.  Dkt. 35 at 8.

### CONCLUSION

For the foregoing reasons, this Court should dismiss the claims against Reddit, Inc.

Gibson, Dunn & Crutcher LLP

Reply Brief in Support of Motion To Dismiss
By Defendant Reddit, Inc.

CASE NO. 8:21-CV-00768-JVS-KES

1    Dated:   August 9, 2021              Respectfully submitted,

2

3

4                                        By: */s/ Theane Evangelis*
                                         Theane Evangelis
5

6                                        THEANE EVANGELIS
                                         MICHAEL H. DORE
7                                        KRISTIN A. LINSLEY

8
                                         GIBSON, DUNN & CRUTCHER LLP
9

10                                       *Attorneys for Defendant*
                                         *Reddit, Inc.*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP